ELIZABETH WALLY, ADMINISTRATRIX, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED MARCH 5, 1909.    No. 15,585.

1. Instructions examined, and *held* to have properly submitted the issues in controversy to the jury.

2. Evidence examined, and *held* sufficient to sustain the verdict of the jury and judgment of the court.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*N. H. Loomis, Edson Rich* and *James E. Rait,* for appellant.

*James C. Kinsler, contra.*

Fawcett, J.

This action was brought against the defendant and the Omaha & Council Bluffs Street Railway Company, by plaintiff as administratrix of the estate of John Wally, deceased, to recover damages sustained by his widow as a result of his death, which plaintiff alleged was wrongfully and negligently caused by defendants on the night of September 11, 1906. At the conclusion of plaintiff's case, the court directed a verdict in favor of the defendant Omaha & Council Bluffs Street Railway Company, and the case proceeded to trial against the other defendant, appellant here. Plaintiff's intestate was a motorman in the employ of the street railway company, and at the time of the accident which caused his death was operating a motor car on the Thirteenth street line of that company in the city of Omaha. Thirteenth street runs north and south, and at the point of the accident is occupied by two tracks of the street railway company, the north bound track being on the east side of the street. Jones and Leavenworth streets run east and west, and cross Thirteenth street at right angles. Midway between Jones and Leavenworth streets there is an alley running east and west, which also crosses Thirteenth street at right angles. The defendant has a spur or loading track on this alley which crosses Thirteenth street on grade. The east end of this spur track is connected with the main track of defendant at a point about four blocks east of Thirteenth street, while the west end ends abruptly at the east side of Fourteenth street, a trifle less than one block west of the center of Thirteenth street. At the time of the accident, which was on what is shown to have been a dark night, plaintiff's intestate was proceeding

with his car northward on the east track, when just as he was about to cross the spur track of defendant, his car was run down by a train of defendant's freight cars which were being backed westwardly along the alley. The result of the collision was the death of plaintiff's intestate and one of the passengers in his car. The jury returned a verdict in favor of plaintiff for $5,000, upon which judgment was rendered. Defendant appeals.

Defendant bases its claim for a reversal upon two grounds: "(1) For the reason that the court below should have directed a verdict for the defendant because the undisputed testimony showed that the plaintiff's intestate by his own carelessness and negligence contributed to his injury and death. (2) For the reason that, even though the questions involved were for a jury to determine, the court erred in submitting to the jury the second theory in the plaintiff's petition because the facts in this case wholly fail to make the case one within such a theory, and the instruction given by the court was erroneous, inapplicable, confusing and misleading, and deprived the defendant of a fair submission to the jury of any question which was proper for the jury to determine."

Plaintiff's second theory, referred to in defendant's second assignment of error, is that the defendant with the exercise of ordinary and reasonable care could and would have seen the perilous situation in which plaintiff's intestate was placed in time to have avoided the collision and injury, but that, "instead of so doing, the defendant railroad company and its agents and employees in charge of said engine and train carelessly, negligently and recklessly continued to propel said engine and train out through the dark alley on the east side of Thirteenth street, as aforesaid, toward said intersection and toward and against the car upon which said John Wally was employed, as aforesaid, and thereby carelessly and negligently caused the injuries and death of said John Wally." The law as to negligence, contributory negligence, and the liability of a railroad company for injury to one who

negligently exposes himself to danger by being upon or in close proximity to its tracks, and who is evidently oblivious of his danger, where by the exercise of reasonable care the agents of the company in charge of its train could and would see the dangerous situation of such person in time to stop its engine and avoid the injury, is now so well settled in this court as to not require a further citation of cases or discussion of those questions.

We have carefully examined the evidence introduced upon the trial of the case, and find that it fully justified the trial court in submitting all three of the questions referred to to the jury. The testimony as to the rate of speed at which plaintiff's intestate approached the intersection is conflicting, but to our minds preponderates in favor of plaintiff's contention that at such time the motor car was not proceeding at a greater rate of speed than four miles an hour. It was proceeding so slowly at the time that a passenger riding upon the rear platform of the car, who suddenly saw the freight car about to come in contact with the motor car, jumped from the car without difficulty or accident. The uncontradicted evidence shows that the head light of the motor car was burning brightly. The testimony as to whether or not there were any lights upon the freight car of the defendant is conflicting. The employee of the defendant who was in charge of the backing freight train testified that he was upon the rear end of the freight car with a lighted lantern in his hand; that their train was traveling at a speed of about four miles an hour; that, when he saw the approaching motor car and discovered that a collision was imminent, he signalled the engineer to stop the train; that he gave such signal with his lantern when that part of the car upon which he was standing was over the curb on the east side of Thirteenth street; that he then ran back over the length of his car, a distance of 34 feet, went down over the end of that car, and fell off in the alley. Plaintiff argues that this testimony is untrue; that the car upon which the witness was riding had not at that time

reached the curb on the east side of Thirteenth street, but was a considerable distance east of that point, and directs attention to the record which shows that, notwithstanding the fact that his train was running west at the rate of four miles an hour, after he had run east along the top of his car 34 feet, and fell off, the point where he fell was 20 feet east of the east line of the sidewalk, which, considering the width of the sidewalk, would make it at least 24 to 26 feet east of the curb on the east side of Thirteenth street. The testimony of this witness, together with that of others introduced by defendant to show that there were lanterns on the rear end of the freight train, is met by the positive testimony of the conductor of the motor car and passengers on the car that there were no lights upon the freight car, that the engineer was not ringing the bell or blowing the whistle, and that there was nothing to indicate the approach of the freight car until it had entered upon Thirteenth street and was within a very few feet of the motor car. We do not see how any good purpose could be served by further quoting the testimony on this branch of the case. It was, to say the least, conflicting, and warranted the submission of the case to the jury. From it the jury might well find that, if defendant's employees had been keeping even a slight lookout, they would have seen the glare of the headlight of the motor car in ample time to have stopped their train and to have avoided the unfortunate collision which their negligence caused.

In the light of what we have above said and of the statement made by counsel for defendant in their brief, we do not deem it necessary to enter into an extended consideration or discussion of the instructions given by the court. Counsel set out the instructions in full, and then say: "The foregoing instructions, if the case were a proper one for the jury to determine, would clearly and fairly submit the question to the jury were it not for the conflicting provisos and qualifications attached to each instruction." The provisos referred to appear at the end

of instructions 5, 6, 8, 10 and 11, and are as follows: "Unless you find for the plaintiff upon the second theory of plaintiff's petition." By the ninth instruction the court fairly advised the jury as to this theory. We have carefully examined the instruction, and, while it does not appear to have been drawn with the customary precision and clearness of the learned judge who gave it, we cannot say that it was prejudicially erroneous.

A careful examination of the entire record satisfies us that the case was fairly and properly submitted to the jury upon sufficient evidence to warrant such submission, and that there is ample evidence in the record to sustain the verdict of the jury and judgment of the court. Finding no error in the record, the judgment of the district court is

AFFIRMED.