### MARY LAMMERS, EXECUTRIX, v. JOSEPH BOEHMER.

FILED JUNE 19, 1901.   No. 10,009.

Jury Judge of Weight of Evidence. The weight to be attached to the testimony of different witnesses is peculiarly and especially a question for the jury. They are the triers of fact, and their judgment, based on the consideration and weighing of conflicting evidence, should not be overturned, unless it can be said the verdict is clearly wrong and under no rational view of the case can the conclusion reached be justified.

ERROR from the district court for Cedar county. Tried below before EVANS, J. *Affirmed.*

*Homer A. Miller, Elberti Ready* and *James C. Robinson,* for plaintiff in error.

*Miller & Ready:* This action was originally brought by John Lammers, deceased. It is admitted by defendant that he bought a tract of land of said John Lammers in the year 1886, and that he paid for it by giving notes in the sum of $2,200; but that, instead of giving three notes, as was contended by Lammers, he gave one for $1,000 and one for $1,200, at nine per cent., due March, 1891. Boehmer claims to have paid the interest on these notes, as it came due, to 1891, inclusive; and that he then paid the plaintiff's son and agent, Anton K. Lammers, $600 to apply on the principal, taking up the original and giving for the remainder thereof two notes for $800 each, at nine per cent., due in one and two years respectively. It is admitted that in October, 1891, Boehmer purchased of Lammers a car-load of cattle, giving therefor his note for $690, with interest at seven per cent., which payor contends was to run six months and the payee contends was to run till the July, next following. Boehmer further contends that in March, 1892, he paid Lammers $1,798.13, to liqui-

date the two $800 notes; the remainder to be applied upon the $690 note, leaving a remainder of $668 still due thereon. He says that he gave the $600 in part payment of the $690 note. He testifies further that, in July following, he sold a car-load of hogs for $640, took up the $600 note, paid the $68 and with the remaining cash made some purchases of the plaintiff. He says a portion of the hogs sold belonged to the plaintiff. Defendant's statement, in the form of an account, would be as follows:

| | |
|---|---:|
| Balance due on steer note of $690 | $68 |
| Interest on same | 2 |
| Account for pipe and twine (maximum) | 80 |
| Note sued on in this action | 600 |
| Interest on same at nine per cent. for four months | 18 |
| Plaintiff's part of hog check | 84 |
| | $852 |

| | |
|---|---:|
| Amount of hog check | $724 |
| Balance, for which note was given | 128 |
| | $852 |

The plaintiff contends that in July, 1892, there was due and unpaid on the $690 note the sum of $726, and the plaintiff admits that at the time the defendant sold the car-load of hogs in July, for which he claimed to have received $640, he paid to the said John Lammers the sum of $606 to apply upon the $690 note, and that he gave his note for the sum of $120 for the balance due upon the $690 note, and that no sum of money whatever was paid upon the note in suit, and in fact the same was not due.

The defendant admits that, in case he is mistaken in saying that he paid $600 on the principal of the land notes in March, 1891 to Anton K. Lammers, then the note in suit has never been paid. This is the vital question in this case, and the key to the whole situation. Upon this the defendant is bound to establish his claim by a preponderance of the testimony; and in this he has signally failed.

*Wilbur F. Bryant, Lorenzo W. Billingsley, Robert J. Green* and *Richard H. Hagelin, contra.*

HOLCOMB, J.

It is contended by the plaintiff in error, plaintiff below, that the verdict of the jury and the judgment rendered thereon should be vacated and reversed because not supported by the evidence and as being contrary to the third instruction of the court, wherein the jury were instructed that if the evidence were evenly balanced or preponderated in favor of the plaintiff, a verdict should be returned for the plaintiff, and against the defendant for the amount of the note sued on with interest. The action was based on a promissory note of the defendant, the execution of which was admitted and payment pleaded as a defense. The issue was fairly submitted, and the only question presented to us is whether, under the evidence, the verdict ought to have been sustained or set aside by the trial court as unsupported by the evidence and contrary to the instruction referred to. The principal sum in controversy was $600. The alleged payment was vigorously denied. The evidence on each side was of a most positive character and in flat contradiction. The conflicting testimony can not, as we view the record, be reconciled on the theory that some of the parties were mistaken. The defendant was the principal witness in his own behalf and swore positively as to the alleged payment, giving with much detail the circumstances regarding the transactions related thereto and connected therewith. The plaintiff and his son were equally positive as to plaintiff's contention that the payment pleaded had never been made, and testified to facts and circumstances surrounding the transactions between the parties corroborative of their view of the case. There are circumstances shown in evidence which must be taken as true lending plausibility and reasonableness to claims of each of the parties. Are we justified, under such circumstances and in view of such a rec-

ord, in saying the verdict was wrong and can not stand? After a careful consideration of the evidence as presented by the bill of exceptions, we are of the opinion that the verdict should not be disturbed. It is not the number of witnesses on a side which determines the preponderance of the evidence. The weight to be accorded to the evidence of different witnesses is peculiarly and especially a question for the jury. They are the triers of fact, and their judgment, based on the consideration and weighing of conflicting evidence, should not be overturned, unless it can be said the verdict is clearly wrong and under no rational view of the case can the conclusion reached be justified.

A brief reference to the conflicting evidence in the case would probably subject our views of the case to misconstruction, and an exhaustive consideration and analysis is prohibited for want of time, nor do we think any useful purpose would be subserved by so doing. The trial judge, who with the jury heard the testimony of the different witnesses, has refused to set aside the verdict as being contrary to and not supported by the evidence. In the exercise of his deliberate judgment on the sufficiency of the evidence, which it is presumed he exercised in passing on the motion for a new trial, the ruling made is entitled to consideration from a reviewing court, and will not be interfered with unless clearly wrong. *Central City Bank v. Rice*, 44 Nebr., 594. In *Risse v. Gasch*, 43 Nebr., 287, it is held that this court is not vested with authority to set aside the verdict of a jury, having for its support sufficient competent evidence, even though this court may be of the opinion that had it been the triers of the case it would have reached a different conclusion. In *Fremont, E. & M. V. R. Co. v. French*, 48 Nebr., 638, the third paragraph of the syllabus states: "The credibility of witnesses is for the jury, and this court can not say that the finding of a jury is not supported by sufficient evidence because a greater number of witnesses testified against the finding than testified in its favor." The authorities are uniform

and numerous to the effect that when the evidence is con-
flicting and there is sufficient to support the finding made
by the jury this court will not assume to usurp the pro-
vince of the jury by passing upon the credibility of the
witnesses and weighing the conflicting testimony intro-
duced on the trial of the case.

For the reasons stated the judgment of the trial court
rendered on the verdict should be permitted to stand un-
disturbed, and is accordingly.

AFFIRMED.