GEORGE OELKE V. ALBERT THEIS, EXECUTOR OF THE ESTATE OF PETER HAUSCHILD, DECEASED.

FILED DECEMBER 2, 1903.    No. 13,210.

1. **Verdict of Jury**: EVIDENCE. A verdict of a jury from conflicting evidence will not be disturbed in this court, because of being against the weight of evidence; and the weight and credibility of testimony is for their determination exclusively.

2. **Possession of Promissory Note.** The fact that a promissory note

33

was found in the possession of the payee at the time of his death, is evidence that he had not made a present of it to the maker.

3. **Instruction.** It is not error for the court to instruct a jury as to the legal significance of uncontradicted evidence or admitted facts.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE. *Affirmed.*

*Edwin F. Warren* and *William F. Moran,* for plaintiff in error.

*John C. Watson, contra.*

AMES, C.

This is an action by an executor upon a promissory note given to his testator by the defendant. The note, by its terms, became due on January 2, 1885. The suit was begun in February, 1901. Among other defenses, the statute of limitations is pleaded. The defendant testifies positively that he never made any payment on the note, and gives as a reason therefor that the amount payable thereon was donated to him by the decedent. In rebuttal of this defense the plaintiff put in evidence certain indorsements of small credits written on the note by the deceased. Such evidence, standing alone, was clearly incompetent. They were equally so as if the suit had been brought by the testator in his own lifetime. They were not admissions against his own interest, and he could not manufacture testimony in his own behalf. In corroboration of these indorsements, or of one of them, the plaintiff produced a witness who testified that he saw one of them made in May, 1896, and at that time he saw the defendant make to the decedent a payment on the note to the amount of the indorsement. He was an interested witness and his testimony is somewhat vague and unsatisfactory, but its weight and credibity were for the jury, and, inasmuch as the jury have said by their verdict that they believed it, we are bound, under a well settled rule of this court, to believe it also.

As tending to support the issues on his behalf the defendant was asked, as a witness, this question: "At the time of Peter Hauschild's decease, were you indebted to him; did you owe him anything?" An objection to the question was properly sustained, if not for the reason that the witness was incompetent, then because it called for no statement of fact but for a conclusion of law only. Complaint is made because the court instructed the jury that possession of the note by the payee at the time of his death was "evidence tending to prove that there had been no gift of the note," as alleged by the defendant. It is not insisted that the instruction is not a correct statement of an abstract proposition of law, nor that it is not pertinent to the undisputed evidence in the case, but it is urged that it gave undue prominence to that evidence. This is equivalent to saying that the court must not instruct concerning the legal significance of undisputed evidence or admitted facts. Under such a rule, it would be difficult to try law suits.

No other error of law is assigned, and the evidence upon all issues of fact was conflicting. There is therefore no ground for disturbing the verdict of the jury which was for the plaintiff, and it is recommended that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.