THADDEUS D. PERRINE, APPELLEE, v. UNION STOCK YARDS
COMPANY, APPELLANT.

FILED MAY 21, 1908.   No. 15,217.

1. Negligence. A stock yards company that, for a compensation, fur-
   nishes facilities for the receipt and sale of live stock, and retains
   control over and repairs the pavement in the alleys in and around
   its yards, and negligently permits said pavement to become
   and remain out of repair, is liable to a salesman, who, by virtue
   of his employment by a commission firm, has the right to use
   said alleys, where, by reason of said defects, his horse stumbles
   and falls, and the rider is injured thereby, he being at said time
   in the discharge of his duties as a salesman, and in the exercise
   of such care as a prudent person ordinarily would practice in
   view of the danger, and the said defect having existed for that
   length of time that the said company ought, with the exercise
   of reasonable diligence, to have known thereof.

2. Trial: INSTRUCTIONS. It is not error to refuse instructions, the
   substance whereof has been included in instructions given by
   the court.

3. ———: QUESTIONS FOR JURY. Where different minds may reason-
   ably draw diverse conclusions from the same facts as to whether
   or not they establish negligence or contributory negligence, those
   issues must be submitted to the jury.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Affirmed.*

*Greene, Breckenridge & Matters,* for appellant.

*Lambert & Winters, contra.*

ROOT, C.

Defendant owns and maintains extensive stock yards in
the city of South Omaha. It leases office rooms in its ex-
change building to commission men, and those tenants, as
an incident to said lease, are given the use of pens for the
receipt and detention of live stock consigned to them; de-
fendant reserving the right to use the pens whenever it may
desire. The alleys between the pens are paved, some with

plank, and others with brick or cement, and are used in handling stock, and by commission men and their employees, and the owners and purchasers of stock, and are kept in repair by defendant. Salesmen and buyers generally ride to and fro on horseback in and about the pens and yards. Plaintiff was employed as a salesman for a commission firm, and had been engaged in that business around said yards for one firm or another for some 17 years preceding the accident. An alley, running north and south, and paved with plank divided the block of pens wherein plaintiff's employers received and retained stock. It was 16 feet in width, with gates about 12 feet from either end, so constructed that the alleyway might be completely closed, and between those gates smaller ones gave access to the pens on either side of the way. At the time of the accident plaintiff was piloting a prospective purchaser of stock to said pens. He was riding along the north side of the block, and turned into the alley at the northeast corner thereof to go south. The gate, which was hinged to a post on the west side of the alley, was about one-third open, and as plaintiff's horse turned south, close to the east side of the alley, it either stumbled or slipped, at a point about 4 feet north of the gate, and 8 feet south of the northern exit of the alley, and, failing to recover its footing, fell, severely injuring plaintiff. The evidence tended to prove that a hole in the pavement, some 6 inches wide and deep, and from 12 to 24 inches in length, had existed for some 6 weeks at the point where the horse stumbled or slipped, and that the horse stepped therein. The horse was furnished plaintiff by his employers, and had been used by him about 18 months. The evidence tended to prove that the animal was awkward, and unsuited for riding, and that it was smooth shod at the time of the accident. Plaintiff recovered a verdict, and defendant appeals.

1. It is not claimed that the verdict was excessive, but defendant insists that the issue of its liability was not properly submitted to the jury, and that the court should have instructed the jury to bring in a verdict for it. Coun-

sel very succinctly sum up their argument: "But in this
case of an invitee while engaged in his own business, as
was plaintiff in this suit, the obligation of the owner of
the premises to exercise reasonable care to maintain them
in a reasonably safe condition hinges upon the conduct of
the user; and there is no obligation in such a case as this
to do more than to refrain from wanton and aggressive in-
jury, except toward persons who are themselves in the ex-
ercise of ordinary care in the use of the premises." Com-
plaint is also made that the court did not specifically di-
rect the jury's attention to the character of the horse and
and the condition of its shoes. The trial judge's instruc-
tions are involved, and might have been condensed, but
they evidence his desire to present every phase of the evi-
dence and law, and to give defendant the benefit of all of
its defenses. The jury were instructed that the burden of
proof was on plaintiff to prove the material allegations in
his petition; that if ordinary care and prudence dictated
that said horse should be sharply shod, or handled other-
wise than plaintiff controlled it, and said facts were the
proximate or a contributing cause of the injury, plaintiff
could not recover. In the seventh instruction the jury are
instructed that, before considering defendant's alleged
negligence, they must ascertain whether "plaintiff was ex-
ercising reasonable care and prudence for his own safety,"
and, further, if they found from all the facts and circum-
stances, as shown by the evidence, that plaintiff's acts did
not, but that defendants' negligence, as alleged, did, proxi-
mately cause the injury, that defendant would be liable;
that they should take into consideration plaintiff's knowl-
edge of the conditions in the yards, and that "the law re-
quires the plaintiff to make that use of his senses as a man
of ordinary prudence would have made under the circum-
stances." In the eighth instruction the judge said that
defendant was charged with the duty of reasonable and
ordinary care in keeping and maintaining its alleys and
passageways in such a reasonably suitable and safe con-
dition for travel as was consistent with the purposes for

which they were used, and that slippery conditions, caused by rains, drainage or the excretions of animals, would not render defendant liable; that in the matter of repairs defendant would not be liable for holes in the plank pavements until it had actual knowledge thereof, or the defect had existed for such a length of time that it ought reasonably to have had such knowledge. Time and again the court cautioned the jury that if plaintiff was negligent or careless he could not recover; that he "must exercise in his own behalf such reasonable care and prudence and caution as reasonable and prudent men ordinarily exercise in their own behalf under like conditions." The substance of defendant's requests, numbered 2 and 3, were included in the court's own instructions, and it did not err in failing to employ the exact language used by defendant. *Langdon v. Wintersteen*, 58 Neb. 278. Defendant retained control over and repaired the alley in question. Plaintiff's employers paid a consideration for the use thereof by themselves and their employees. Plaintiff, in common with others having business in that part of the stock yards, was invited by defendant to use the alley, and it knew that salesmen and buyers generally rode horseback along this and the other ways in said yards, and it was bound to exercise reasonable care to maintain said passageway in a reasonably safe condition for the uses it invited others to make thereof. *Campbell v. Portland Sugar Co.*, 62 Me. 552, 16 Am. Rep. 503; *Looney v. McLean*, 129 Mass. 33, 37 Am. Rep. 295; *Kirby v. Boylston Market Ass'n*, 14 Gray (Mass.), 249, 74 Am. Dec. 682; *Coupe v. Platt*, 172 Mass. 458, 70 Am. St. Rep. 293; *Nash v. Minneapolis Mill Co.*, 24 Minn. 501, 31 Am. Rep. 349; *Siggins v. McGill*, 72 N. J. Law, 263, 111 Am. St. Rep. 666; *Sawyer v. McGillicuddy*, 81 Me. 318, 3 L. R. A. 458; *La Plante v. La Zear*, 31 Ind. App. 433; *Shoninger Co. v. Mann*, 219 Ill. 242.

2. We are of opinion that plaintiff was entitled to submit his case to the jury. The authorities cited by defendant refer to instances where the danger was obvious, as where the injured person jumped from a moving train, or thrust

his head into an elevator shaft and was struck by descending weights or the car, or drove onto a railway crossing without looking for approaching cars, or attempted to pass between the cars of a freight train, or carelessly walked upon a railway. *Knight v. Baltimore City,* 97 Md. 647, is the nearest in point, but it may be distinguished. In the cited case a teamster was thrown from his wagon by reason of the front wheel dropping into a hole in the pavement while he was idly chatting with a friend on the wagon. The teamster knew that the street generally was very defective, and the hole that brought him to grief could be seen at least a block distant. In the instant case the defect was not an obstruction, nor an extensive hole plain to be seen at a distance, and, during its four or six weeks' history preceding the accident, would frequently be filled with slush and mud. It was to one side of the way, and Hall, defendant's superintendent of repairs, had inspected the alley two weeks preceding the accident, and had not noticed it. Crocker, witness for defendant, testified that he examined the pavement right away after the accident, and did not find a hole therein. Whereas Sullivan, Arnold and Morrill, witnesses for plaintiff, testified that they saw it at the time of the accident, and had seen it at intervals for some four or six weeks prior thereto. Plaintiff testified that he had not noticed the defect before the accident; his mere act of riding into the alley was not dangerous, he had barely rounded the corner of the pen, when his horse stepped into the hole and was thrown. Even if plaintiff had theretofore known of the defect, that knowledge would not of necessity have defeated his recovery. Defendant's negligence, as charged, being otherwise established, the question was whether plaintiff, under all the circumstances, exercised such care as a prudent man ordinarily would have practiced in view of the danger. *Nicholson v. City of South Omaha,* 77 Neb. 710; *Reed v. Inhabitants of Northfield,* 13 Pick. (Mass.) 94, 23 Am. Dec. 662; *Looney v. McLean, supra; Mathews v. City of Cedar Rapids,* 80 Ia. 459, 20 Am. St.

Rep. 436. In the state of the record the issues of negligence and contributory negligence were peculiarly for the consideration of the jury. *Omaha Street R. Co. v. Loehneisen,* 40 Neb. 38.

We have considered all of the assignments of error filed by defendant, and are of opinion they are not well taken; that it does not have just cause for complaint, and we therefore recommend that the judgment of the district court be affirmed.

CALKINS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.