FORD MOTOR CO. v. CASEY et al.

(Circuit Court of Appeals, Eighth Circuit. July 22, 1918.)

No. 5044.

1. NEGLIGENCE ⊂⊃44—CONSTRUCTION OF PASSAGEWAY TO BUILDING—TOP OF DOOR TO ENTRANCE.

Construction of passageway into automobile assembling building, so that door into passageway was higher than door into interior of building, does not constitute negligence, where building itself was properly constructed for purpose intended.

2. NEGLIGENCE ⊂⊃66(2)—DRIVER OF LUMBER WAGON—USE OF PASSAGEWAY—CONTRIBUTORY NEGLIGENCE.

Driver of lumber wagon, who was injured while driving on top of load through passageway into building, because top of door into passageway was higher than top of door from passageway into building, where he had several days before driven through same entrance, and knew manner of its construction, and where second door was 15 feet from first, and building was a daylight building, was guilty of contributory negligence.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by George Casey against the Ford Motor Company and another. Judgment for plaintiff, and defendant named 'brings error. Reversed, and new trial granted.

William F. Gurley and E. G. McGilton, both of Omaha, Neb. (McGilton, Gaines & Smith, David A. Fitch, and L. B. Robertson, all of Omaha, Neb., on the brief), for plaintiff in error.

W. C. Fraser, of Omaha, Neb. (George A. Keyser, R. T. Coffey, and Crofoot, Scott & Fraser, all of Omaha, Neb., on the brief), for defendants in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This is an action brought by George Casey, as plaintiff, against the Ford Motor Company and C. N. Deitz Lumber Company as defendants, to recover damages for personal injuries received by him through the alleged negligence of Ford Motor Company. The Lumber Company was the employer of Casey, within the terms of the Nebraska Workmen's Compensation Law (Laws 1913, c. 198), and it only seeks in this action to reimburse itself for moneys paid to the plaintiff under that law. The action, then, is really between the plaintiff and the Ford Motor Company, hereafter called defendant. The plaintiff assigns as error the refusal of the court to direct a verdict in its behalf. The trial court did take from the jury, whether rightly or wrongly cannot now be considered, all grounds of negligence excepting one. This ground was stated in the complaint as follows:

"That the Ford Motor Company, defendant herein, shortly before July 26, 1916, had constructed a large building for carrying on its business at Sixteenth and Cuming streets, Omaha, Neb.; that said building was so constructed that the entrance to same for the purpose of delivering lumber, such

as that delivered by the plaintiff herein, was on the west side of said building through a door large enough to drive through with a team and wagon; that said building was so constructed that a party driving therein, before reaching the interior of said building proper, was obliged to drive through an entrance or passageway slightly wider than the space required for the passage of a team and wagon, and about 10 feet in length; that at the end of said passageway, before entering into the building proper, there was located a door which was slightly wider than the room necessary for the passage of a team and wagon; that the doorway at the entrance of said building was 8 feet 11 inches high, and the doorway at the entrance from said passageway into the building proper was 8 feet 5½ inches in height, * * * and said Ford Motor Company negligently and carelessly constructed said passageway and the door leading into the main part of said building in an unsafe and dangerous manner, for the purpose of driving into and through said passageway and door with loads of lumber similar to the one driven by the plaintiff herein."

The trial court, after stating to the jury that this claim of the plaintiff was the one claim on which he was entitled to go to the jury, further said to them:

"The only claim he has got against the Ford Motor Company is in the charge that the entrance was defective. And in the evidence it appears that his claim is that it was built in such a way that, when approaching it with a load, he could not see either, he claims, the second door beyond the first, or the fact that the second door on beyond the first, further into the building, was six inches lower than the one in the outer wall of the building. Now that is his claim."

The jury returned a verdict in favor of the plaintiff.

[1, 2] The evidence shows that Casey had driven into the building through the entrance complained of several days before his injury with a load of lumber and found no difficulty in so doing. On the day in question he had a load of 2,500 feet of lumber piled upon a wagon and Casey himself sat upon the lumber. By ducking his head, he was enabled to pass through the first entrance, but was injured in attempting to pass through the second door; the top of the same being, according to the testimony, 5½ inches lower than the first door. The proposition then is this: There being no evidence on the part of any one that the building was not properly constructed, taking into consideration the purposes for which it was erected, namely, for the assembling and repair of automobiles, is the fact that Casey was injured sufficient evidence of negligence or faulty construction to sustain the verdict of the jury? The defect in the construction of the building, when reduced to its last analysis, is that the top of the second door was 5½ inches lower than the top of the first door. The evidence shows that the floor between the first and second doors slightly inclined toward the second door, the distance between the two doors being 15 feet. Whether the discrepancy between the height of the two door openings was because of this incline does not appear, nor is it material. It was the duty of the Ford Motor Company, in constructing the building, to use ordinary care to see that the passageway which was intended for teams and wagons was reasonably safe for the purpose for which it was intended to be used. The law would not require the Ford Motor Company, in the exercise of ordinary care, to provide an entrance through which all teams and wagons, however loaded, or however high, could

pass with safety. It would be impossible to do so in constructing a building for the purposes mentioned. Whether or not the Ford Motor Company exercised ordinary care in the construction of the passageway cannot be left to depend upon the varying heights of different loads that may attempt to pass through the passageway. Casey passed through safely with one load of lumber, and then, in attempting to pass through with a much higher and heavier load, with himself upon the load, was injured. How can any rule of law be laid down as defining the duty of the Ford Motor Company, if the heights of the loads passing through the passageway in question are continually changing? If the company should find in the exercise of ordinary care that a certain door space was high enough to allow the passage of an ordinary load of lumber through the same, would the law also require them to provide for a high load of lumber, and not only a high load of lumber, but a man sitting on the lumber? As has been said before, there is no evidence tending to show that the passageway was not constructed in accordance with the best knowledge obtainable. If we are to concede, however, that the fact of injury was evidence sufficient to take the case to the jury, we are further of the opinion that, taking into consideration Casey's knowledge of the construction of the passageway, and the further fact that the building itself was what is known as a daylight building constructed of steel and glass, with metallic frames, and that there was a distance of 15 feet between the first and second doors, that Casey was clearly guilty of contributory negligence in attempting to force his way through the second door.

The judgment below should be reversed, and a new trial granted; and it is so ordered.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes