Casey v. Ford Motor Co.

GEORGE CASEY, APPELLEE, v. FORD MOTOR COMPANY, APPELLANT.

FILED APRIL 11, 1922.   No. 22039.

1. **Negligence:** BUILDINGS: SAFE CONSTRUCTION. One who erects a building in which to conduct a certain business, and which he uses for that purpose, is bound to construct and maintain same in a reasonably safe condition for the purpose for which it is used; and a failure to do so may render the owner liable for damages for an injury resulting from such failure to a person who goes upon said premises by the express or implied invitation of said owner.

2. ———: QUESTION FOR JURY. Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury.

3. **Evidence** examined, and *held* sufficient to justify the submission to the jury of the questions of negligence of defendant and of the contributory negligence of plaintiff.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Affirmed.*

*Gurley, Fitch, West & Hickman,* for appellant.

*Crofoot, Vinsonhaler, Fraser, Connolly & Stryker* and *George A. Keyser, contra.*

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) and WELCH, District Judges.

CLEMENTS, District Judge.

This is an action to recover damages for personal injuries which plaintiff sustained by being caught between

the lintel of a doorway in the building of the defendant, Ford Motor Company, and a load of lumber on which he was riding. It is alleged that said accident was caused by the negligence of the defendant. The defendant denies that it was guilty of negligence, and alleges that plaintiff's own negligence was the cause of the accident. The case was tried to a jury, which returned a verdict for plaintiff for $3,000, and a judgment was entered on said verdict. The defendant appeals.

There is little or no conflict in the evidence. The facts disclosed by the record, which are necessary to an understanding of the case, briefly stated, are as follows: During the year 1916 the defendant caused to be constructed a large building at the corner of Sixteenth and Cuming streets in the city of Omaha, Nebraska, which, on the 24th day of July of that year, it occupied and operated as an automobile assembling plant and for the storage and distribution of automobile parts and repairs. In the distribution of said parts and repairs the defendant purchased and had hauled into said building quantities of lumber which it used in boxing and crating same for shipment. The entrance through which vehicles were required to pass when entering said building consisted of a doorway through the outer wall on the west side, 8 feet and 11 inches in height, a passageway or vestibule extending east therefrom 15 feet, which was nine feet wide and about 15 or 16 feet high, with a doorway at its east end 8 feet and 5 inches high opening from the vestibule into the building. On July 24, 1916, defendant ordered of the C. N. Dietz Lumber Company 2,500 feet of lumber for boxing and crating, and directed that it be delivered at said building. Plaintiff, who was at that time employed by said lumber company, was sent by it with a team of horses and wagon to deliver said lumber to defendant. When he arrived with said load of lumber at the west entrance of defendant's building, he stopped his team, but was directed by some one in the building to drive in, which he proceeded to do. While doing so he was sitting on the top of the

Casey v. Ford Motor Co.

load with his legs hanging over its front end. The distance between the upper side of the load and the top of the outer doorway was not sufficient to permit plaintiff to pass while sitting in an upright position, so he bent his body forward, and in such stooping posture passed through said doorway without difficulty. He then assumed an upright position, but again stooped forward when the inner doorway was reached. The top of said doorway being six inches lower than the outer one,.the space between it and the top of the load was insufficient to permit the passage of plaintiff's body, even in a stooping position, and he was severely crushed, bruised and injured.

There is no complaint as to the damages allowed being excessive, if plaintiff were entitled to recover, which defendant insists he is not. When all the evidence was in and both parties had rested, defendant moved the court to direct the jury to return a verdict for defendant, and tendered such a written instruction, with the request that it be given. Such motion was overruled and request refused. The only assignments of error in appellant's brief on which it relies for a reversal of the judgment of the lower court are based on the ruling of the court on such motion and request. These assignments both raise the same question, viz.: Is the evidence sufficient to sustain the verdict of the jury?

Defendant contends (1) that there is no evidence in the record tending to prove negligence on the part of defendant; and (2) that the evidence shows conclusively that plaintiff's negligence was the sole cause of the accident and injuries complained of. If either of said contentions is correct, then a verdict should have been directed for the defendant, and the judgment of the lower court will have to be reversed. In the consideration and determination of these questions the following well-settled rules may properly be applied, to wit: "Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the

jury." *Perrine v. Union Stock Yards Co.*, 81 Neb. 790. Also *Leon v. Chicago, B. & Q. R. Co.*, 102 Neb. 537. One who erects a building in which to conduct a certain business, and which is used for that purpose, is bound to construct and maintain the same in a reasonably safe condition for the purposes for which it is used; and a failure to do so may render the owner liable for damages for an injury resulting from such failure to a person who goes upon said premises by the express or implied invitation of said owner. *Larson v. Red River Transportation Co.*, 111 Minn. 427; *Tucker v. Draper*, 62 Neb. 66.

The evidence shows that one of the purposes for which the doorways and passageway in defendant's building were intended and used was the admission into said building of vehicles loaded with lumber which was necessary for the conduct of defendant's business; that when plaintiff entered said building at the time of the accident he did so as the invitee of the defendant. Whether said invitation was express or implied is not material, for defendant's duty and obligation to the plaintiff would be the same in either case. The first question to determine then is: From the facts disclosed by the record, may different minds reasonably draw different conclusions as to whether said entrance to defendant's building was constructed and maintained in a reasonably safe condition for the purposes to which it was put by the plaintiff?

The evidence shows that the inner doorway to said passageway was six inches lower than the outer one. The architect, Steinbough, testified that, in designing and constructing such buildings containing a vestibule or passageway at the entrance, it was the usual custom and practice to make the doorway at the inner end of the vestibule the same height as the one at the outer end. If this usual custom and practice had been followed in the construction of defendant's building, it is reasonably certain that plaintiff would not have been injured. The evidence shows that the load of lumber hauled by plaintiff was not an extraordinary or unusual one. He passed through the outer

doorway with it in safety, and would, without doubt, hav‧ passed through the inner one in like manner if it had been the same height. The evidence discloses no reason or excuse for departing from the usual and customary method of construction by making the inner doorway of the passageway in question six inches lower than the outer; and whether, under the facts and circumstances disclosed by the record, such departure and method of construction con-‧ stituted negligence on the part of defendant was, we think, a question of fact for the jury.

The record discloses that a suit based on the same cause of action as that in the case at bar was first tried in the United States district court at Omaha, wherein a verdict and judgment were obtained by plaintiff; that same was taken to the United States circuit court of appeals, where said judgment was reversed and the case remanded for a new trial; that said action was thereupon dismissed by the plaintiff and the instant case was commenced in the state court. In the opinion (*Ford Motor Co. v. Casey*, 252 Fed. 120), written by Judge Carland, it is said that "it was the duty of the Ford Motor Company, in constructing the building, to use ordinary care to see that the passageway which was intended for teams and wagons was reasonably safe for the purpose for which it was intended to be used;" that there was no evidence on the part of anyone "tending to show that the passageway was not constructed in accordance with the best knowledge obtainable;" that the evidence showed that Casey had driven into the building through the entrance complained of with a load of lumber. several days before, and that because of his knowledge of the passageway thus obtained he was guilty of contributory negligence in attempting to force his way through the second doorway. Defendant insists that said decision should be followed by this court and that it is decisive o⸢ the case. The fact that said court did not dismiss said case,‧ but ordered a new trial therein, indicates that it did not consider its opinion therein decisive, but contemplated the possibility of the introduction of other evidence in re-

gard to the improper construction of the passageway and as to plaintiff's want of knowledge thereof. Such evidence, which Judge Carland said was absent from the record passed upon by him, was introduced in the case at bar. This difference in the evidence effectually removes even the persuasive value which said decision would otherwise have.

The evidence shows that plaintiff had entered defendant's building on July 5 and again on July 15 preceding the day of the accident, and defendant contends that he must then have observed and obtained knowledge of the construction of the passageway and the height of the inner door thereof. But plaintiff testified that the load of lumber which he hauled on each of said former days was small, not more than a foot or 18 inches above the bolster of the wagon; that, as he sat on the top of this small load, his head was not high enough to cause him to notice the height of the doorway; that the building was not entirely completed, and he does not know when the beam or lintel was placed above said inner doorway; that he did not notice it on his earlier visits, and did not know that it was there until the day of the accident, when he had assumed an upright position after having passed through the outer doorway, and not until he was too close to it to stop his team. These doorways were 15 feet apart. Their tops were more than 8 feet from the floor and 6 or 7 feet from the ceiling of the room. The difference in their height was only 6 inches, and it is doubtful whether the plaintiff or any other ordinary person would have been able to recognize this difference in height without measuring both. There is no evidence as to when the beam or lintel was placed over the inner doorway. It would therefore seem that the questions of whether it was there when plaintiff formerly entered the building, and, if so, whether he saw or by the exercise of reasonable care should have seen same; whether, under the circumstances. he did recognize or should have recognized the fact that the inner door was lower than the outer one; whether he did have knowledge of any of the

Casey v. Ford Motor Co.

facts a sufficient length of time before the accident to save himself from injury; and whether, under all of the facts and circumstances disclosed by the record, plaintiff acted as an ordinarily prudent man would have done under like circumstances, are all questions of fact for the jury, and not for the court, to determine.

We have not overlooked the decisions from the courts of other states cited by counsel for defendant in support of their contention that plaintiff was guilty of such contributory negligence as to preclude a recovery herein, but think that those cases are clearly distinguishable from this one. In each of said cases there was only a single obstacle under which the party injured attempted to pass, and this was not only plainly visible, but the evidence showed that said party actually saw same, when approaching it, in time to stop and save himself from injury. In none of said cases was there any question of a second doorway lower than the first, the existence of which, plaintiff testified, was unknown to him until just as he was injured, as there was in the instant case. If Casey had been injured while passing through the outer doorway of defendant's building, the decisions cited by counsel would have been quite in point; but, because of the marked difference between the facts in those cases and the one at bar, they have little or no value as authority herein.

Section 7892, Rev. St. 1913, provides that, in cases like this, "all questions of negligence and contributory negligence shall be for the jury." We entertain no doubt that different minds may reasonably draw different conclusions from the facts and circumstances disclosed by the record as to whether or not they establish negligence on the part of defendant or contributory negligence of the plaintiff, and that the trial court did not err in refusing to direct a verdict for the defendant.

The judgment of the district court should therefore be, and is hereby,

AFFIRMED.