WILLIAM J. GARTNER, APPELLANT, V. CHICAGO & NORTH-WESTERN RAILWAY COMPANY, APPELLEE.

FILED MARCH 19, 1926. No. 23769.

**Carriers:** INJURY TO CARETAKER: CONTRIBUTORY NEGLIGENCE. A caretaker of live stock is, as a matter of law, guilty of such contributory negligence as to preclude a recovery for personal injuries, where it appears that he was experienced in riding on trains as a live stock caretaker; that, while riding at night in a caboose, on a drover's contract, as the train is moving out of the station, he is informed by the conductor that the next stop will be at a named station where he can look after his live stock; that soon thereafter, because of engine trouble, the train stops between stations, with the caboose resting on a bridge or trestle; that the conductor and brakeman both leave the caboose, making no announcement; that the caretaker, without inquiry of or direction from any railway employee attempts to alight from the train to look after his live stock; that at the time he has in his possession a flashlight, by the use of which he could and

would have ascertained the position of the caboose on the bridge and the danger in attempting to alight at such place; that he fails to use the flashlight, and, in attempting to alight, falls from the bridge and is injured.

APPEAL from the district court for Holt county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*M. F. Harrington* and *Gerald F. Harrington,* for appellant.

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

Good, J.

This is an action for personal injuries in which defendant had judgment of dismissal on a directed verdict. Plaintiff appeals.

Plaintiff, accompanying a car of hogs as caretaker, was riding in one of defendant's freight trains. In the night season, when the train had stopped, plaintiff, assuming that the train was at a station, attempted to alight for the purpose of looking after his live stock. Because of engine trouble, the train had stopped between stations, the caboose being on a bridge over a stream. Plaintiff, in stepping from the caboose, and being unaware that it was on a bridge, fell to the bottom of the stream below and received the injuries of which he complains.

Plaintiff in his petition charged the defendant with negligence in the following respects: In not affording him a safe place in which to alight from the caboose to examine his hogs; in stopping the train, with the caboose on a bridge and over a stream, and in advising and directing plaintiff to alight from the caboose in the night season at a dangerous place, without warning him of the dangerous condition.

Defendant admitted that the plaintiff received injuries at the time alleged; denied negligence, and averred that

plaintiff was being carried on a drover's contract, which contained the following provision: "That the person in charge of the shipment shall ride and remain in the caboose while the train is in motion, or about to start, and shall not visit his stock or care for same except when train has stopped at a regular station, and that in case of injury or death of such person, resulting from his failure to observe these requirements, the carrier shall not be liable therefor, whether caused by its negligence or otherwise." Defendant further averred that whatever injuries plaintiff received were due to his own negligence and want of care. In his reply plaintiff denied any contributory negligence.

The errors assigned are that the verdict is contrary to the evidence, and that the court erred in not submitting the issues of fact to the jury for their determination.

Where the issues of negligence and contributory negligence are involved, the rule is that, where different minds may reasonably draw diverse conclusions from the facts proved, as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury. *Perrine v. Union Stock Yards Co.*, 81 Neb. 790; *Leon v. Chicago, B. & Q. R. Co.*, 102 Neb. 537; *Casey v. Ford Motor Co.*, 108 Neb. 352.

The facts, as disclosed by the record, are that for a number of years plaintiff, from time to time, had been accompanying shipments of live stock over railroads as a caretaker. When he sustained the injuries of which he complains, he was accompanying a shipment of hogs from Node, Wyoming, to South Omaha, Nebraska. Plaintiff testified that, as the train was moving out of O'Neill, Nebraska, at about 11 o'clock p. m., the conductor informed him that the next stop would be at Inman, where he could look after his stock; that a few minutes later the train stopped, and the conductor took his lantern, climbed on the car in front of the caboose, and went forward over the train, while the brakeman took his lantern and went out of the rear door of the caboose. The trainmen did not call or announce that a station had been reached. Plaintiff, as-

suming that the train was at Inman ,and without any announcement from the trainmen, or any inquiry of or any direction from them, attempted to alight for the purpose of inspecting his car of live stock. He did not attempt to leave the caboose until after the trainmen had departed. Because of engine trouble, the train had stopped about three miles out of O'Neill, with the caboose standing on a bridge or trestle over a stream. Plaintiff stepped from the caboose, supposing that he would alight upon the ground; instead, he fell to the bottom of the stream. At the time plaintiff attempted to alight from the train, he had in his possession a flashlight, but he did not use it. He admitted that, had he used the light, it would have disclosed that the caboose was standing upon a bridge and that it was a place of danger.

Plaintiff argues that the evidence is sufficient to sustain a finding that defendant was guilty of negligence, which caused the injury to plaintiff, and that it is insufficient to require a finding that plaintiff was guilty of such contributory negligence as to defeat a recovery. He contends that the facts in this case are so nearly like the facts in *Otto v. Chicago, B. & Q. R. Co.*, 87 Neb. 503, that the decision in that case should control our decision in the instant case.

In the *Otto* case, plaintiff, a caretaker, became ill while accompanying a shipment of stock, and it became necessary for him to leave the train to relieve his distressed condition. He informed the conductor of his condition, who told him that they would reach the next station, Nodaway, in about 15 minutes, and that the train would stop there long enough for him to attend to his necessities. About 15 minutes later the train stopped. Plaintiff inquired if the stop was Nodaway and was answered in the affirmative. The brakeman left the rear of the caboose with his lantern, and plaintiff followed shortly afterwards. It appeared that the train had stopped some distance out of Nodaway, with the caboose resting on a bridge or trestle over a river. Plaintiff, holding the handrail, let himself down to what he supposed was the ground or roadbed, then

took a step in the direction of the light from the brakeman's lantern, and was precipitated to the bed of the stream and thereby injured. It was held that the evidence warranted the finding of negligence on the part of the railroad company, and that the facts did not disclose contributory negligence.

We think the facts in the instant case are quite dissimilar. In the *Otto* case, the plaintiff was informed that the train was at the station, and the trainmen knew, or, in the exercise of ordinary care, should have known, that it was not at the station, but was at a place dangerous to alight. Under the circumstances, it was the duty of the trainmen to warn plaintiff of the danger. Defendant, impliedly at least, invited him to alight at the particular place and invited him into a position of danger. In the instant case, when the train stopped plaintiff made no inquiry, but assumed that it had reached the station of Inman. He was not inexperienced in traveling upon freight trains, and he must have known what every person of ordinary intelligence who travels on railway trains does know, viz., that frequently trains are required to stop between stations, sometimes on account of engine trouble; because a railway track may be obstructed or out of repair; at railroad crossings; because live stock or vehicles may be upon a crossing, and for various other reasons. Had plaintiff, when the train stopped, inquired of the conductor or brakeman if the train was at the station of Inman, and had been informed that it was, then there would have been an implied invitation for him to alight, but such is not the case. The trainmen made no announcement that the train had reached Inman, but when the train stopped the conductor and brakeman both left the caboose. Shortly thereafter plaintiff attempted to alight. The trainmen, therefore, had no knowledge of his going, or attempting to go, into a place of danger. In the *Otto* case, there was nothing to disclose that plaintiff had the means in his possession of seeing where he was going, while in the instant case plaintiff had a flashlight, and, had he used it, the dangerous con-

dition would have been obvious.  Upon his initiative, plaintiff left the train in the dark, with the means in his possession to disclose if the place where he was about to alight was dangerous, but disregarding the fact that it was dark, and disregarding the means in his possession to light the way before him, he incurred the injuries of which he complains.

.The rule of comparative negligence obtains in this state. Under that rule, if plaintiff is guilty of contributory negligence, it will defeat a recovery, unless the negligence of defendant is gross and that of the plaintiff slight in comparison therewith.   Under the facts disclosed, we think it is apparent and beyond question that plaintiff was guilty of contributory negligence, and that the record does not show that the negligence of the defendant was gross, or that of the plaintiff was slight in comparison.

As we view the record, a verdict for defendant was properly directed, and the judgment of the district court is therefore

AFFIRMED.

MORRISSEY, C. J., dissenting.

Believing that the question of the comparative negligence, if any, of the respective parties should have been submitted to the jury, I dissent from the majority opinion.

EBERLY, J., concurs in the dissent.