REINHOLD WIEGAND, APPELLANT, V. LINCOLN TRACTION COMPANY ET AL., APPELLEES.

FILED APRIL 24, 1931. No. 27602.

*Sanden, Anderson, Laughlin & Gradwohl*, for appellant.

*Flansburg & Lee, John O. Sheldahl, H. W. Baird* and *Hall, Cline and Williams*, contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Action by a minor for damages for personal injuries. At the conclusion of the evidence of all parties the court directed a verdict for defendants, overruled a motion for new trial and entered judgment on the verdict. Plaintiff appealed from the judgment.

The facts occurred about 4:30 p. m. on Armistice Day, November 11, 1929. Plaintiff, who was 17 years of age

on April 10, 1929, a messenger for the Western Union Telegraph Company, was riding his bicycle east on O street, carrying a message from the office of his employer at Tenth and O streets to a firm located between Thirteenth and Fourteenth on O street. He was injured as he was nearing Twelfth street. He alleged that, as he was riding about 75 feet ahead of the street car of defendant traction company, in its path and in plain view of the motorman and of defendant Goldenstein who was driving an automobile at plaintiff's right, the said Goldenstein carelessly and negligently turned to the left, somewhat across plaintiff's path, and the motorman continued to drive the street car toward plaintiff; that at a point near the intersection of Twelfth and O streets the street car and the automobile were driven into plaintiff and his bicycle, crushing him between them. The negligence alleged against both defendants is failure to keep a lookout, to keep their vehicles under proper control, to be properly equipped with brakes, and failure to stop to avoid colliding with plaintiff. The answers of the traction company and of Goldenstein denied negligence, and pleaded contributory negligence of the plaintiff. The telegraph company was a nominal party by reason of its right of subrogation as the employer of plaintiff, who was injured in the course of such employment.

Plaintiff was seriously injured. The vital question here is whether there was evidence that required the submission of the cause to the jury.

Evidence that seems to be uncontradicted shows that there was a solid stream of automobile traffic going east and that the south side of the street was parked full of cars facing the curb. Goldenstein was driving east past the parked cars and in the usual place a few feet south of the street car tracks. As he neared the intersection of Twelfth and O streets, the second automobile parked west of the safety zone, or yellow line, backed out from the curb and Goldenstein turned his car toward the south street car track but did not at any time get over on the track. Thereupon plaintiff's bicycle and the automobile

collided. The impact between these occurred about opposite the driver's seat in the automobile, the glass in the window there was broken by the bicycle, and plaintiff was "rolled" through between the street car and the automobile. When both were stopped, the automobile was opposite about the middle of the street car. The bicycle remained between the other vehicles. The automobile did not touch the street car.

Officer Jones, who was watching traffic at the southwest corner of Eleventh and O streets, standing close to the curb about 15 feet west of the crosswalk, and Sidney Graham, a geologist who was standing on the crosswalk waiting to take this particular street car home, both testified that they watched the street car, the Goldenstein automobile and the plaintiff and saw the accident. The effect of their testimony is that the boy never got up to the front of the street car and at no time was in front of it. Barrett, the motorman, and Goldenstein both testified they never saw the plaintiff until after the accident.

If the foregoing were all the evidence there would be no question that the district court properly directed the verdict.

But plaintiff urges that his own testimony and that of Grace McPherrin, his only other witness to the accident, required a submission of the facts to the jury.

Plaintiff testified that from Eleventh street up to about the middle of the block he rode his bicycle in a straight line about three or four inches south of the south rail. Then, because of the automobiles going in same direction, he turned over between the rails, but kept nearer the south rail. He heard the street car gong, looked back and saw the street car in front of a store 30 or 40 feet east of Eleventh street, so he kept on. He then testified: "I could hear the street car gong from behind, and all of a sudden I felt the street car give me a terrific blow from behind and pushed me into an automobile at the front, across in front."

Grace McPherrin, 17, a sophomore in the Lincoln high school, testified she was walking west on the south side

of O street. She first observed plaintiff as he was about in the middle of the block and she was in front of a store on the corner of Twelfth street. At first she thought he looked like a boy she had known. At that time the street car was about a quarter or a third of a block behind plaintiff. He continued to ride straight down the street, "inside of the tracks a little bit;" the street car kept coming, too, but it was going faster than he; a car backed out from the curb, a man driving a car east swerved toward the tracks; "the street car had filled up the gap by that time and it hit the boy and just knocked him into the car." She testified, also, that when the automobile began to turn the street car was about a street car's length behind the boy.

The testimony of this witness is attacked on account of inaccuracies, because of inability by reason of parked and moving cars to see some of the things she testified to, and the like. Her testimony and that of plaintiff is argued by appellees to be contrary to the physical facts and therefore required to be laid out of view by the trial court and by this court on review.

We find ourselves unable to accept the theory of the trial court and of the appellees that the evidence of the two witnesses for the plaintiff did not raise issues of fact to be submitted to the jury. It is possible that plaintiff on his bicycle was ahead of the street car, that he was struck by it from the rear, and that he was thus knocked against Goldenstein's car; and that thereupon the street car, moving faster than the automobile, came to a position where all agree they were after the accident. Neither the law of physics nor the facts preclude this. It is for the jury rather than for the court to appraise the credibility and accuracy of the witnesses and to say where the preponderance of the evidence is to be found.

The respective issues of negligence and contributory negligence were duly pleaded. The court, in effect, held that no negligence had been shown. "Where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or

contributory negligence, those issues must be submitted to the jury." *Perrine v. Union Stock Yards Co.*, 81 Neb. 790. See *Leon v. Chicago, B. & Q. R. Co.*, 102 Neb. 537; *Casey v. Ford Motor Co.*, 108 Neb. 352; *Luther v. Farmers Union Cooperative Ass'n*, 119 Neb. 676. The evidence should have been submitted to the jury for its determination.

For the reasons stated the judgment of the district court is reversed and the cause remanded, with directions to grant the plaintiff a new trial.

REVERSED.