GLENN MAJOR, APPELLEE, V. J. N. HARRISON, APPELLANT.

272 N. W. 201

FILED MARCH 12, 1937. NO. 29848.

*Henry Mencke* and *John A. McKenzie*, for appellant.

*William J. Maher* and *Alfred D. Raun*, contra.

Heard before GOSS, C. J., DAY, PAINE and CARTER, JJ., and TEWELL and YEAGER, District Judges.

YEAGER, District Judge.

This is an action wherein plaintiff, appellee, sued to recover damages for personal injuries growing out of an automobile accident which occurred on a highway in Wash-

ington county, Nebraska. The highway was known as Highway No. 73 and the scene of the accident was at a point about five miles north of the city of Blair, Nebraska. At the point of the accident the highway runs almost straight north and south and is paved to a width of 20 feet. From the scene of the accident the highway can be seen north for a distance of about a half mile and to the south about 50 or 60 rods. At the time of the accident the plaintiff was driving a 1929 Model A Ford sedan in a southerly direction on the said highway and was, at the time of the accident, accompanied by his wife, his daughter, his brother and his sister-in-law. The defendant was driving along in a northerly direction in a Terraplane sedan. The trial resulted in a verdict and judgment in favor of plaintiff, appellee, for $1,000.

The defendant has appealed and has, in his appeal, made three assignments of error. In his first assignment he sets forth that the court erred in refusing to grant a new trial for the reason that the verdict was not supported by sufficient evidence.

There is a very sharp conflict in the evidence on the question of what was the cause of the collision between the two cars. The plaintiff and his witnesses have stated that the accident occurred on the west side of the highway, and defendant, on the other hand, contends that it occurred on the east side. One fact stands out in the testimony of all witnesses, and that is that the cars were going in opposite directions and that the right front fenders or wheels are the parts of the two cars which came into collision. Plaintiff's version is that when defendant was 60 or 70 feet away he was driving on the west or wrong side of the highway, and that he was approaching at a high rate of speed, estimated at 50 miles an hour. He stated that to avoid a head-on collision he swerved to the left. Defendant, on his part, testified that he was at all times traveling on his right side of the highway at a low rate of speed and had brought his car to a complete stop at the time of the collision. Defendant said that he looked ahead and saw plaintiff's car

weaving from one side of the road to the other and traveling at the rate of at least 60 miles an hour, but that he did not see the actual impact because he had lowered his head to protect himself. This is, in general, the conflict we find in the evidence. No good purpose could be served in referring to it in greater detail.

No question is raised that this conflicting evidence was not submitted to the jury under proper instructions.

This court has repeatedly held that, when evidence is conflicting and there is sufficient to support the finding made by the jury, the court will not assume to usurp the province of the jury by passing upon the credibility of the witnesses and weighing the conflicting testimony introduced on the trial of the case. *Lammers v. Boehmer,* 62 Neb. 159, 86 N. W. 1067; *Henry v. Omaha Packing Co.,* 81 Neb. 237, 115 N. W. 777; *In re Estate of Charles,* 118 Neb. 634, 225 N. W. 869; *Luther v. Farmers Union Cooperative Ass'n,* 119 Neb. 676, 230 N. W. 662; *Clausen v. Johnson,* 124 Neb. 280, 246 N. W. 458.

This court has further repeatedly held that, where different minds may reasonably draw diverse conclusions from the same facts as to whether or not they establish negligence or contributory negligence, those issues must be submitted to the jury. *Perrine v. Union Stock Yards Co.,* 81 Neb. 790, 116 N. W. 776; *Leon v. Chicago, B. & Q. R. Co.,* 102 Neb. 537, 167 N. W. 787; *Casey v. Ford Motor Co.,* 108 Neb. 352, 187 N. W. 922.

This case comes clearly within these rules and the ruling on this first assignment must be adverse to the appellant.

In his second assignment of error appellant complains of error in the giving of instruction No. 1, or more particularly he complains about two parallel lines which appear on the instruction. He attaches a significance to these lines which we cannot discern and which significance is not apparent from an examination of the instruction or the record in this case.

The instruction is in four paragraphs. The first paragraph contains a general statement as to the claim of plain-

tiff and concludes with the following sentence: "He states that the collision was due to the negligence of the defendant, claiming such negligence to be the following:" This is followed by a line extending the full width of the page, then follows two numbered paragraphs each containing a single and specific charge of negligence. These paragraphs are followed by another line also extending the full width of the page. No words are underlined and no sentences, phrases or words are pointed out or emphasized. What the purpose of the lines may have been is not apparent. The probable purpose was a desire on the part of the judge to separate the specific from the general statements in the instruction.

There having been found nothing prejudicial in the form in which instruction No. 1 was given, no error can be predicated thereon.

The third assignment of error is predicated on the assumption in instruction No. 11 of certain physical impairments of the defendant. No complaint is made that the instruction does not correctly state the rule when there is a finding of the existence of physical impairment of a driver of an automobile. In a case where there is a dispute as to the existence or nonexistence of physical impairment the rule contended for by appellant would be correct. In this case there is no such dispute. In this case appellant is the only witness for either party to the action testifying on this point and he specifically testifies to physical impairment on his part. Appellant testified as follows: "Q. Well, that condition you have had for a year or two, haven't you, Mr. Harrison? A. I have been getting weaker every year for a number of years, I presume. Q. In the legs? A. Yes, sir; and all over. * * * Q. I am not asking you about any other man, I am asking you about your condition. A. Well, my condition has been failing for the last five years. * * * Q. Have you ever had a paralytic stroke, Mr. Harrison? A. Not that I know of. Q. Or anything of that nature? A. Not that I know of. I never went to a doctor to get examined, and what happened to me I don't know. Q. You

say what happened to you, what do you mean, what happened to you? A. Well, my right side seemed to get weaker than the left side, kind of numb. Q. And that came on you more or less suddenly? A. It come on in my sleep, and when I woke up I thought my arm and leg was asleep. Q. And when was that, Mr. Harrison? A. About two years ago. Q. About two years ago. And since that time that right side has given you considerable trouble, hasn't it? A. Not a great deal of trouble, but clumsy and numb. Q. Clumsy and more or less useless and numb, is that a fact? A. Yes, sir; that is it. * * * Q. But during all that period of time your legs were weakening, weren't they, Mr. Harrison? A. I presume they were. Q. Well, you know they were, don't you, Mr. Harrison? A. I do."

From this evidence it becomes apparent that appellant did have certain physical impairments, and it follows that the rule that it is not error for the court in an instruction to assume as true facts that are established by the evidence without controversy applies in this case. *Gibson v. Glens Falls Ins. Co.*, 111 Neb. 827, 197 N. W. 950; *Fitzgerald v. Union Stock Yards Co.*, 91 Neb. 493, 136 N. W. 838; *Oelke v. Theis*, 70 Neb. 465, 97 N. W. 588.

For the reasons set forth herein, the judgment of the district court is

AFFIRMED.