[L. A. No. 8536. In Bank.—January 10, 1927.]

# VADA LOU MILLER, Respondent, v. JEROME F. LYONS, Appellant.

[1] NEGLIGENCE — AUTOMOBILE ACCIDENT — PLACING TRUCK ACROSS HIGHWAY — SUFFICIENCY OF EVIDENCE. — The placing of a truck loaded with a steel girder, which projected beyond the end of the truck, across a highway, in such position that the truck and girder covered the whole highway, at a time when it was dark and when there was considerable traffic passing on the highway, without lights except lanterns attached to either end of the steel girder, was negligence; and the owner of the truck is liable for damages for the death of a party who, while driving an automobile along the highway, ran into the steel girder and was killed.

[2] ID.—FINDINGS—SUFFICIENCY OF EVIDENCE—APPEAL.—When there is evidence ample to justify the findings and judgment of the trial court they will not be disturbed on appeal.

---

(1) 28 Cyc., p. 47, n. 20, p. 49, n. 46, 48 New.    (2) 4 C. J., p. 878, n. 82.

APPEAL from a judgment of the Superior Court of Los Angeles County. C. P. Vicini, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Joe Crider, Jr., for Appellant.

George L. Greer for Respondent.

---

2.  See 2 Cal. Jur. 918.

THE COURT.—This is an appeal from a judgment of the superior court of the county of Los Angeles awarding to the plaintiff damages in the sum of ten thousand dollars for the death of her husband, George Miller, caused by the alleged negligence of the appellant's employees. The case was tried by the court without a jury.

In appellant's brief the sole ground of the appeal is thus stated: "We insist that there is no evidence whatsoever justifying the judgment, and that it is against the weight of all of the evidence. This is our sole basis for appeal."

The casualty occurred after dark and at about 7:30 o'clock on the evening of November 7, 1922. At the time of the accident the deceased, an oil-well worker, was driving a Dodge automobile along Norwalk road, a highway having a paved surface twenty-two feet wide, in a southerly direction and at a speed of approximately twenty-five miles an hour. Norwalk road is intersected at right angles at a certain point by a narrow road approximately fifteen feet in width. The employees of the appellant were operating a truck upon said Norwalk road in a northerly direction just prior to the accident. The truck was twenty-four feet long and carried a steel girder forty-seven and one-half feet in length, known in oil-field terms as a Kelley, diagonally across the bed thereof. It was the purpose of the driver of the truck to back it in a westerly direction into the narrow intersecting road, and to accomplish this purpose he turned the steering wheel so as to face the truck in an easterly direction down the intersecting road, intending later to back in a westerly direction. While the truck and its load were thus obstructing the entire width of the Norwalk road the deceased came upon the scene in his automobile. He was on the westerly and proper side of the Norwalk road when his car collided with that portion of the steel girder which protruded beyond the rear end of the bed of the truck. The deceased died shortly thereafter from the injuries thus incurred.

At the time of the accident, as established by the evidence and conceded by appellant, the front end of the truck was approximately three feet east of the easterly edge of the paved portion of the Norwalk road and the girder protruded about three feet beyond said front end of the truck. In this

position the rear end of the truck extended beyond the center line of the highway and into the westerly half thereof and the girder extended well beyond the westerly line of said highway.

The evidence of one of the appellant's employees engaged on the truck at the time is to the effect that the deceased was first seen to be proceeding in the direction of the truck at a speed of twenty-five miles an hour when he was approximately twelve hundred feet away. This witness also testified that the deceased's car struck the girder about twenty seconds after he had first been seen approaching the truck. Mathematical computation reveals that the witness was not seriously in error in estimating this period of time. There is further evidence to the effect that the engine of the truck was "dead" at the time of the accident and that there was "considerable" traffic passing along the Norwalk road or highway at said time.

[1] Under the circumstances herein presented we are of the opinion that the trial court properly determined that it was an act of negligence upon the part of the appellant's employees to place their vehicle with its load entirely and completely across the Norwalk road at a time when the traffic on said highway would be endangered thereby. To place a truck carrying a steel girder forty-seven and one-half feet long across said highway after dark and at a time when traffic upon said highway would reach the position of the truck in less than one-half minute constituted a breach of duty upon the part of the appellant's servants and agents to operate the motor-truck in such a manner as not to injure third parties. The breach of said duty was clearly the proximate cause of the deceased's death.

We are not unmindful that one of the appellant's employees attempted to warn the deceased of the impending accident by leaving the truck and waving his arms. This action proved ineffective and futile in the darkness, however, as said employee was without an illuminated signal. The incident cannot serve to relieve the appellant of liability.

The mere fact that a lighted lantern had been attached to either end of the steel girder likewise would not serve to relieve the appellant of responsibility, for, as indicated in the above summary statement of the evidence, the ends of the girder protruded beyond the paved limits of the Nor-

walk road, and lanterns attached thereto would in all probability be assumed by approaching motorists to indicate the situation of obstructions adjacent to the highway. This would seem to be, well illustrated by the instant case, as the evidence tends to show that the deceased, in an effort to avoid striking the appellant's truck, altered the course of his automobile, and by so doing brought it into contact with that part of said steel girder which protruded beyond the rear end of the truck.

All of these matters were for the trial court to consider and weigh. [2] When there is evidence ample to justify the findings and judgment of the court below this court will not, under the well-settled rule, disturb said findings and judgment. In our opinion the evidence herein is sufficient to warrant a finding of negligence on the part of the appellant's servants and agents, which negligence was the proximate and sole cause of the deceased's death.

Appellant's contention touching the condition of the headlights and brakes on the automobile driven by the deceased is without merit, for there is an utter lack of evidence tending to show that they were defective.

For the foregoing reasons the judgment appealed from is hereby affirmed.