DAISY MOORE, ADMINISTRATRIX, APPELLEE, V. ERNEST NISLEY, APPELLANT.

275 N. W. 827

FILED NOVEMBER 5, 1937. NO. 30086.

*L. R. Doyle* and *T. R. P. Stocker*, for appellant.

*James L. Brown, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ.

DAY, J.

Daisy Moore, as administratrix, seeks to recover for the death of her husband resulting from an accident on the highway with Ernest Nisley. She recovered in a trial to a jury in the district court, from which an appeal is prosecuted. While there are many assignments of error, the question of the sufficiency of the evidence embraces all of them.

The accident occurred on the 6th of September, 1935, at a point on the state highway No. 2, about one-half mile north of Cheney. The appellant was moving a metal granary from the state fair grounds in Lincoln to a farm near Bennett, which is just beyond Cheney on this highway. In order to load the granary on the truck, a skid was constructed of lumber and left between the granary and the truck when loaded. One piece of this lumber, a 2 by 8, 14 feet long, ran through the windshield of decedent's car, fatally injuring him. This, briefly, is the accident.

Proper pleadings were filed, in which the appellee alleged that the collision resulted from the negligence of the appellant. This negligence is averred to be: First, that Nisley drove his truck without lights on the granary or skid overhanging the truck; and, second, that he was driving a truck so loaded without a lawful permit of the state of Nebraska. An answer was filed alleging that the accident occurred as the result of the negligence of the deceased, and denying that the appellant was in any way responsible for the injuries and death of the decedent, Jesse E. Moore. The pleadings are elaborate, but this substantially states the issue.

There is no dispute that the law required Nisley to get a permit to move the granary on the highway, but the crux of the case is whether he so drove his truck that his negligence was the proximate cause of the accident. In order to determine this, it is necessary to determine the sufficiency of the evidence to sustain a verdict.

It is a legal platitude in this state that, where different minds may reasonably draw different conclusions from the same evidence as to the facts in the case as to whether they indicate negligence or contributory negligence, the issues must be submitted to the jury. It was recently so held in *Major v. Harrison*, 132 Neb. 363, 272 N. W. 201, citing some of the numerous cases supporting this rule.

The evidence of the appellee, and for the purpose of this case it will be considered in its most favorable light, is that the accident occurred on a cloudy day; that the sun set at 6:52 p. m., or later. It is also an established fact that the decedent entered a local hospital at 8:30 p. m. It was testified that the sun had set, and that it was dark. A witness testified that there was a light place in the west, just prior to the accident, which silhouetted vehicles coming from the west, but the truck had turned south afterwards. The headlights of the car were on. The highway was a dark oil mat. The decedent was killed, so that the only eyewitnesses were two boys in a junk truck which the decedent passed, and the driver of the truck and a passenger accompanying him. There are many witnesses as to surrounding circumstances. Upon many things the evidence is sharply in conflict. The place of the occurrence, and the manner thereof, as well as the time and the condition of the light, are matters concerning which there is adverse testimony. It is generally agreed that decedent passed a truck prior to the accident, and that when he met this truck a 2 by 8, 14-foot plank, projecting from the body of the truck at least 3½ feet, ran through the windshield of his car and killed him. It is not disputed that the appellee's decedent died as a result of the accident. Neither is it disputed that the board responsible for the accident

was overhanging the truck and not lighted. Even if it were not entirely dark, can a driver rely upon the lights of an approaching car to outline its extent? The law provides for lights on the overhanging load, even if it is not sundown, if there is not sufficient light to render vehicles discernible for a distance of 300 feet. The jury were properly instructed as to the law. Now, at the time of the accident the drivers of the cars had turned on their lights, and that is a circumstance which the jury may consider as to whether a failure to light the overhanging load was negligence. If, as required by law, a driver does not display lights on a projecting load when it is dark, it is evidence of negligence. An analogous case is *Cohen v. Silverman,* 153 Minn. 391, 190 N. W. 795. Is this not to some extent applicable if the accident occurred on one side or the other of the center of the road? The questions for the jury are the negligence and the contributory negligence at the time of the accident.

The appellant contends that the physical facts preclude recovery here. He relies on *Hessler v. Bellamy,* 128 Neb. 571, 259 N. W. 514, but the quotation from that case shows it is inapplicable. It begins: "Where undisputed physical facts demonstrate." To us the testimony establishing these physical facts is disputed. The rule is a salutary one, and there are many Nebraska cases supporting it, but it is not applicable here.

The question of the overhanging load as applicable to the sufficienty of the evidence is an interesting one. There are not many reported cases, but the rule uniformly adopted is that evidence of a failure to display lights upon a load projecting from a truck shows negligence. This seems to be ordinary care, even if the statute does not require it. Usually, statutes require such careful consideration for the safety of others, but it is possibly only a salutary declaration of what constitutes ordinary care. In 1927 the California supreme court held that it was evidence of negligence to place a truck carrying a girder across a road after dark. *Miller v. Lyons,* 200 Cal. 232, 252 Pac. 330. In

1928 Kansas held that testimony of a projecting timber on a truck was evidence of a truck owner's negligence. *Barzen v. Kepler,* 125 Kan. 648, 266 Pac. 69. See, also, *Bowley v. Smith,* 131 Me. 402, 163 Atl. 539; *Dorris v. Bridgman & Co.,* 296 Pa. St. 198, 145 Atl. 827. Our examination of the record shows that the finding of negligence of the truck driver in an action for the death of the driver of an automobile which collided with a lumber skid projecting into the highway is sustained by the evidence. The verdict of the jury, based upon conflicting evidence, of course, will not be disturbed.

AFFIRMED.