CITY OF BEATRICE v. JOHN A. FORBES.

FILED JUNE 8, 1905.    No. 13,853.

1. **Contributory Negligence: BURDEN OF PROOF.** Where negligence is the ground of the action, it rests upon the plaintiff to trace the fault for his injury to the defendant, and for this purpose he must show the circumstances under which the injury occurred, and if from these circumstances as presented by the plaintiff it so clearly appears that the minds of all reasonable men would concur in the conclusion that the fault was mutual, or, in other

words, that contributory negligence must be imputed to the plaintiff, he has by his own evidence disproved his right to recover, and on his own proof he should be nonsuited; but where the proof which he offers in support of his case shows him free from fault, or where it only tends to show contributory negligence on his part, and reasonable men might fairly differ as to the conclusion to be drawn ·therefrom, then the case should go to the jury, the defendant having the burden to show contributory negligence on the part of the plaintiff, but being entitled in that regard to the benefit of any evidence offered by the plaintiff tending to establish that fact.

2. **Cities:** ACTION: NEGLIGENCE. One using the sidewalks of a city will not be excused from recklessly casting himself upon a known obstruction; yet contributory negligence is not imputable to him as a matter of law from the mere fact that he attempts to pass over a walk that is obstructed or otherwise out of repair, provided the obstruction or other defect is such that a man of ordinary intelligence would reasonably believe that, with proper care and caution, he could pass with safety notwithstanding the defect.

ERROR to the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE. *Affirmed.*

*M. B. Davis,* for plaintiff in error.

*Hazlett & Jack* and *L. M. Pemberton, contra.*

DUFFIE, C.

Sixth street is one of the mainly traveled streets in the city of Beatrice. January 12, 1902, John A. Forbes, the defendant in error, while traveling on said street on his way to church, fell, and received a serious injury, at the place where the sidewalk on the west side of the street crosses an alley. It is alleged· in the petition that ice had accumulated where said alley is crossed by the sidewalk, to a depth of six inches or more, and to a width from four to· six feet at the place where said alley is crossed by the walk, and a greater width both easterly and westerly from where said alley is crossed by said walk; that water and slush ran down over and stood upon said crossing, and

while in that condition people tramped through said slush
and water, and when the same froze there were rough
places in the ice where people had walked through slush,
and other places where the ice was exceedingly slippery,
and on account of said accumulation of ice the crossing
was in a dangerous condition.  Judgment went in favor
of Forbes, and the city has taken error to this court.

The first assignment noticed in the brief of the city
relates to the third instruction given by the court, as fol-
lows:  "If you find from the evidence that the injury to
the plaintiff complained of was occasioned by the negli-
gence and want of ordinary care of defendant, you are
instructed that the burden of proof is then on the defend-
ant city to satisfy by a preponderance of the evidence that
negligence and want of ordinary care on the part of the
plaintiff contributed thereto, in order to prevent a re-
covery in this case."  It is said in the brief that "this in-
struction is palpably wrong; that the plaintiff testified
that he saw the ice on this alley crossing before stepping
on it, and considered it a dangerous place, but that, with
this knowledge present in his mind, he deliberately at-
tempted to walk over the ice at the widest point, which
was, under the circumstances, a gross act of negligence,
and that therefore the burden of proving negligence on the
part of the plaintiff could not be shifted to the defendant
city."  Before proceeding to consider the objections made
to this instruction, we ought to say that the record does
not bear out this statement that Forbes said he knew the
place to be dangerous.  We reproduce what Forbes said
regarding it in his own language:  "I looked it over care-
fully, and, having seen other people cross that place, knew
it was an icy place and bad place to walk, but thought
by careful walking I could get over it, and made the at-
tempt to get over it, but I did not get over it.  I fell down
and broke my leg."  This is far from an admission that
Forbes knew that it was dangerous to attempt the cross-
ing.  He knew it to be a bad place, but thought that by
being careful it might be safely crossed.  It is true that

what Forbes may have thought in this respect is not the controlling question in the case. It was a matter for the jury to say whether, under the circumstances, a man of ordinary prudence, having regard for his own safety, would have attempted to make the crossing.

Coming now to the instruction complained of, the law has been settled in this state by the opinions in *Rapp v. Sarpy County*, 71 Neb. 382, 385, that the burden rests upon the defendant, who defends upon the ground of the plaintiff's contributory negligence, of establishing such defense by a preponderance of the testimony, and that the burden does not shift throughout the trial. There were many former opinions by the court to the effect that, if the plaintiff can prove his case without disclosing contributory negligence on his part, then the burden rested upon the defendant to show such negligence, and while but one of the cases so held in terms (*Chicago, B. & Q. R. Co. v. Featherly*, 64 Neb. 323), the inference was that, where the plaintiff's testimony tended to show contributory negligence on his part, the burden then shifted to him to show that he was not negligent. The *Featherly* case has been overruled in the *Rapp* case above cited. The law is well settled, not only here, but in every state of the Union, that contributory negligence on the part of a plaintiff which proximately contributes to the injury complained of will defeat his recovery. In some of the states the rule is that, in order to recover, he must show not only the negligence of the defendant, but his own freedom from negligence. The burden rests on him in respect to both these questions, and if he fails in either he cannot recover. In this state the rule has always prevailed that, if he can prove the allegations of his petition showing his injury and the negligence of the defendant as the proximate cause producing it, then the defendant, in order to defeat a recovery on the ground of contributory negligence by the plaintiff, must establish such negligence by a preponderance of the evidence produced on the trial. The true theory under this rule is that, where

negligence is the ground of the action, it rests upon the plaintiff to trace the fault for his injury to the defendant, and for this purpose he must show the circumstances under which the injury occurred, and if from these circumstances as presented by the plaintiff it so clearly appears that the minds of all reasonable men would concur in the conclusion that the fault · was mutual, or, in other words, that contributory negligence must be imputed to the plaintiff, he has by his own evidence disproved his right to recover, and on his own proof he should be nonsuited; but where the proof which he offers in support of his case shows him free from fault, or where it only tends to show contributory negligence on his part, and reasonable men might fairly differ as to the conclusion to be drawn therefrom, then the case should go to the jury. If, after the plaintiff has rested, the case is in such condition as to require submission to the jury, and to put the defendant upon proof of his defense of contributory negligence on the part of the plaintiff, then the burden rests on him to prove it by a preponderance of the evidence, but in so doing he is entitled to the benefit of any evidence offered by the plaintiff tending to show that he contributed to his own injury. When the case goes to the jury, the proof of contributory negligence on the part of the plaintiff must be submitted to them, not alone upon the proof offered by the defendant in that behalf, but they must consider also any proof coming from the plaintiff or his witnesses tending to establish that defense.

At the request of the plaintiff in error the court gave the following instruction: "The jury are instructed that as a matter of law if the plaintiff was guilty of any negligence, however slight, which contributed to the injury complained of, he cannot recover." It might perhaps have been better had the court said to the jury in plain terms that, in determining whether the plaintiff below was guilty of contributory negligence, they should take into consideration all the evidence before them upon that question, and that any evidence coming from the plaintiff or

12

his witnesses in that respect should be considered together with that produced by the defendant. It can hardly be, however, that the jury were misled, as in its fourth instruction the court told them that, in determining the issues in the case, they should take into consideration the whole of the evidence and all the facts and circumstances proved on the trial, giving the several parts of the evidence such weight as they thought it entitled to. It is insisted by the plaintiff in error that the evidence taken as a whole shows that Forbes was guilty of negligence which proximately contributed to his injury; that he knew the condition of the crossing, and voluntarily assumed the risk of attempting to pass it, and that he cannot now insist that the damages sustained should be borne by the city. There are instances where the court as a matter of law would say that the danger attending the performance of an act was so great and manifest that it was negligence to attempt it, and that no recovery could be had for damages sustained in such attempt. Such a case is *Chicago, B. & Q. R. Co. v. Landauer*, 36 Neb. 640, and this court has followed the rule therein announced in other cases. We do not understand, however, that one on discovering a defect or obstruction in a public street on which he is traveling, or a place therein that might be unsafe, is required to turn back and take some other route to his destination, unless the defect is of such a character as to render it dangerous to the mind of a person of ordinary prudence to attempt the passage, of which the jury are to judge; and especially is this not required where, as in the present case, a large number of people are using the street and passing over the defective way, without injury, to the knowledge of such person. The evidence is conclusive that the crossing was being used by a large number of persons, who passed without accident or injury, and that it was not obviously dangerous to attempt it; but, notwithstanding this, counsel for the city insists in his reply brief that this court should reverse the case upon the theory that as a matter of law the plaintiff was

guilty of contributory negligence. We cannot better dispose of this contention than by quoting the language of Justice White in *Mosheuvel v. District of Columbia,* 191 U. S. 247, in speaking of a similar claim made by counsel for the district in that case. He said:

"When analyzed the proposition comes to this, that no person can, as a matter of law, without assuming all the risk, use the streets of a municipality where he knows of a defect therein, even although it be that in the exercise of a sound judgment, it might be deemed that with ordinary care and prudence the street could be used with safety. The result of admitting the doctrine would be to hold that all persons in making use of the public streets assumed all risks possible to arise from every known defect or danger. * * * Reduced to its last analysis, the principle contended for but asserts that the ordinary rules by which negligence is to be determined do not apply to the use of the public streets, since those who use such streets with a knowledge of a possible danger to arise from a defect therein must, as a matter of law, have negligence imputed to them, although in choosing to make use of the streets and in the mode of use the fullest possible degree of judgment and care was exercised. The result of this would be to relieve the municipality of all duty and consequent responsibility concerning defects in highways, provided only it chose to give notice of the existence of the defects."

He then cites and quotes from a large number of cases going to establish the rule that a person who in the lawful use of the highway meets with an obstruction may yet proceed, if it is consistent with reasonable care to do so, and that this is generally a question for the jury, depending upon the nature of the obstruction and all the circumstances surrounding the party. We think that a majority, and the better reasoned cases, establish the rule that while a traveler will not be excused in recklessly casting himself upon a known obstruction, yet contributory negligence is not imputed to him as a matter of law

from the mere fact that he attempts to pass over a street that is obstructed or out of repair, provided the obstruction or other defect is such that a man of ordinary intelligence would reasonably believe that with proper care and caution he could pass with safety notwithstanding such defect.

Other errors are assigned on some of the instructions given, and on the refusal of the court to give instructions asked by the city. It would serve no useful purpose to discuss them in detail. What we have already said covers the principal questions argued in dispute between the parties. The instructions given by the court contain a correct definition of the law applicable to the case, and cover the whole case; of those refused some were embodied in principle by those given, and others were not warranted by the evidence. Finding no reversible error in the record, we recommend an affirmance of the judgment.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.