HARRY N. VERTREES, APPELLANT, V. GAGE COUNTY, APPELLEE.

FILED MARCH 19, 1908.   NO. 15,212.

1. Contributory negligence is an affirmative defense, the burden of proving which is upon the party pleading it, and must be established, if at all, by a preponderance of the evidence pertinent to that issue contained in the whole record.

2. Contributory Negligence: QUESTION FOR JURY. When the testimony of the plaintiff himself discloses facts from which contributory negligence might be inferred, unless it is of such nature as to amount practically to a confession, or so conclusively establishes his contributory negligence that reasonable men might not honestly draw different inferences therefrom, it is for the jury to say whether it is explained or extenuated by other facts and circumstances, established by the evidence, in such manner as to exculpate the plaintiff or to show that his conduct was not in fact contributory to the injury. He is entitled to have his conduct, as related by himself, considered in the light of all the evidence and of all the facts and circumstances disclosed on the trial.

3. ———: INSTRUCTIONS. Contributory negligence which will defeat a recovery in a personal injury case must be such negligence as contributed directly to the injury complained of; and an instruction which tells the jury "that the plaintiff is required to prove his case by a preponderance of the evidence without disclosing any negligence on his part," without adding the qualification that such negligence contributed directly to the injury complained of, is reversible error.

4. Appeal: INSTRUCTIONS: EVIDENCE. The doctrine that a case will not be reversed for errors in the instructions, where the verdict of the jury is the only verdict that could properly have been returned under the evidence disclosed by the whole record, is only applicable when the evidence is so clearly one way that reasonable men might not honestly draw different inferences therefrom.

5. Evidence examined, and *held* sufficient to require the submission of the case to the jury.

APPEAL from the district court for Gage county: WIL-LIAM H. KELLIGAR, JUDGE. *Reversed.*

*E. O. Kretsinger,* for appellant.

*M. W. Terry, F. O. McGirr* and *Hazlett & Jack, contra.*

FAWCETT, C.

This is an action to recover damages for personal injuries suffered by the plaintiff while assisting in an attempt to move a threshing machine engine over a county bridge, and immediately occasioned by the falling of the bridge. The answer is a general denial qualified by a plea of contributory negligence. That the bridge was old and rotten and in a generally unsafe condition and had been so for several years, and that its condition had been for a long time well known to the county authorities and to the public generally, is proved by overwhelming evidence, and is admitted by counsel for the defendant, so that practically the only issue litigated on the trial was that of contributory negligence, concerning which the evidence is conflicting. The verdict and judgment were in favor of defendant, and plaintiff appealed. The court, at the re-

quest of defendant, gave the following instruction: "The court instructs the jury that the plaintiff is required to prove his case by a preponderance of the evidence without disclosing any negligence on his part, and if you believe from the evidence of the plaintiff himself that the circumstances known and apparent to him, and immediately preceding and connected with the injury, as disclosed by plaintiff's testimony, were such that a reasonably prudent and cautious man under like circumstances in the exercise of reasonable prudence and caution would have known, understood and discovered the danger of going upon the bridge where he was injured, then the plaintiff cannot recover." The court was clearly in error in instructing the jury "that the plaintiff is required to prove his case by a preponderance of the evidence without disclosing any negligence on his part," without at least adding thereto the words, "which contributed to the injury complained of." In fact many decisions state the rule much stronger, and, as we believe, more justly, that the contributory negligence must be such as *contributed directly* to the injury complained of. This part of the instruction left the jury at liberty to find against the plaintiff, if on that occasion he had been guilty of any negligence of any kind whatever, whether the same contributed to the accident or not. This is not the law.

The instruction also tells the jury: "And if you believe from the evidence of the plaintiff himself that the circumstances known and apparent to him, and immediately preceding and connected with the injury, as disclosed by plaintiff's testimony, were such that a reasonably prudent and cautious man under like circumstances in the exercise of reasonable prudence and caution would have known, understood and discovered the danger of going upon the bridge where he was injured, then the plaintiff cannot recover." This part of the instruction was erroneous for three reasons: (1) The effect of it was to tell the jury that plaintiff was bound to establish by a preponderance of the evidence that he was not guilty of con-

tributory negligence. (2) The court had no right to limit
the jury to the plaintiff's own testimony. The plaintiff
is not required to stand or fall by his own testimony. He
is entitled to the benefit of all of the evidence in the case.
He might give testimony himself which would tend to
show contributory negligence sufficient to warrant a jury
in finding him guilty of contributory negligence; yet, if
the other evidence in the case fully explained his apparent
contributory negligence, he would be entitled to the bene-
fit of that evidence, and the court is without power to de-
prive him of it, as was done by this instruction. (3) This
part of the instruction is not warranted by "plaintiff's
testimony," as there is nothing whatever in "plaintiff's
testimony" which shows that he knew of the dangerous
character of the bridge, or which would charge him with a
suspicion of its dangerous character. He states positively
that he did not know it was dangerous. His testimony
discloses that he knew only the week before of a load pass-
ing over the bridge which must have weighed over 7,000
pounds. The separator of the threshing machine outfit,
to which the engine belonged, had passed over it only a
short time prior to their attempt to take the engine across.
He was a young fellow there, helping with the engine.
The owner of the engine himself, a man of mature years
and experience, was present on the bridge with plaintiff
and the engine at the time of the accident, apparently
without any fear of danger either to himself or his engine;
and, when this old gentleman was willing to go upon the
bridge with his engine, we do not think that a young man,
not much more than a boy, could be chargeable with con-
tributory negligence in going upon the bridge with him.
But, however that may be, there is nothing in plaintiff's
testimony to warrant the court in charging the jury that
if they believed "from the evidence *of the plaintiff himself*
that the circumstances known and apparent to him, and
immediately preceding and connected with the injury, *as
disclosed by plaintiff's testimony,* were such that a rea-
sonably prudent and cautious man under like circum-

stances in the exercise of reasonable prudence and caution would have known, understood and discovered the danger of going upon the bridge where he was injured, then the plaintiff cannot recover." There was testimony from other witnesses from which the jury would have been warranted in drawing such conclusion—that is, in drawing the conclusion that plaintiff knew of the dangerous character of the bridge—but there is nothing "in plaintiff's testimony" to charge him with any such knowledge, and, hence, it was error on the part of the court to give the instruction. The effect of this instruction was to eliminate all of the evidence given upon the trial, except that of plaintiff alone. In that view of the case, there was absolutely nothing upon the question of contributory negligence to go to the jury. If the case had stood upon plaintiff's testimony alone, the court would have been compelled to direct a verdict in favor of plaintiff on that branch of the case.

We think the rule is correctly announced in the second paragraph of the syllabus in *City of Beatrice v. Reid*, 41 Neb. 214, as follows: "If one attempts to pass over a place of danger, the law requires him to exercise caution commensurate with the obvious peril; but this means that the law only requires of the party to exercise ordinary care, the danger and his knowledge thereof considered." As was pointed out by this court in *Rapp v. Sarpy County*, 71 Neb. 382, contributory negligence is an affirmative defense, the burden of proving which is upon the party pleading it, and must be established, if at all, by a preponderance of the evidence pertinent to that issue contained in the whole record. When there is evidence of such negligence in the testimony of the plaintiff himself, unless it is of such nature as to amount practically to a confession, or is unqualified by his own evidence or otherwise, it is for the jury to say whether it is explained or extenuated by other facts and circumstances established by the evidence, in such manner as to exculpate the plaintiff or to show that his conduct was not in fact contribu-

tory to the injury. As above stated, there is ample testimony in the record, outside of plaintiff's testimony, to sustain the verdict of the jury, but this instruction eliminated all of that, and, being complete within itself, it was not cured by any subsequent instructions which the court gave.

Counsel for defendant insist that "the verdict of the jury was right, and was really the only verdict that could have been rendered under the overwhelming evidence of contributory negligence on the part of plaintiff." We have examined the record with great care to see whether the judgment of the district court might not be affirmed on this theory; but we cannot so hold. Plaintiff testifies unqualifiedly that he did not know the dangerous condition of the bridge; that his attention had never been called to it; that he had no thought of any such thing that morning, or he would not have been on the bridge with that engine. He denies most emphatically the testimony of some of the other witnesses as to statements made by himself, at some of which interviews defendant's own witnesses admit plaintiff's father and mother were present; and the father and mother corroborate him in his denial. The testimony of the witness Wade that on the evening before the accident he told old man Folden, the owner of the engine, in the presence of the plaintiff and his father and two brothers, and a number of other men, that the bridge was not safe, that it was hardly safe for a "wagon team" to cross, and that, "if you cross that bridge, you will not thresh tomorrow," is met by the testimony of at least three witnesses that the plaintiff was not present at that interview at all, and had not been there at the latest since noon of that day. The testimony of Mr. Colby shows that at least one, if not two, of the other witnesses testifying for defendant to the effect that plaintiff heard statements made as to the dangerous condition of the bridge at and prior to the accident had made entirely different statements to him. The testimony of the county judge, who at the time of the accident was deputy county attorney, shows that

he went to see plaintiff the next day after the accident for the purpose of getting evidence for the county. At that time plaintiff was in a critical condition, his head bound up, his nose in splints, stitches in his lips, and in a condition where the doctor had advised that he should not be permitted to talk to any one. The testimony of the judge is squarely contradicted by both the plaintiff and his parents. The judge says he remained there for half an hour engaged in that conversation. Plaintiff and his parents both testify that he was not present to exceed three to five minutes, during which time the mother was standing beside plaintiff, bathing his head, which fact is admitted by the judge. In the light of such testimony we cannot say that the verdict returned by the jury was the only one which could properly have been returned.

For the errors above indicated, we recommend that the judgment be reversed and the cause remanded.

CALKINS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony therewith.

REVERSED.