THOMAS H. McGAHEY, APPELLEE, v. CITIZENS RAILWAY
COMPANY, APPELLANT.

FILED JANUARY 9, 1911.   No. 16,241.

1. **Street Railways:** INJURY AT CROSSING: NEGLIGENCE. If the driver
    of a vehicle at a street intersection is reasonably justified in
    believing that he can pass over a street railway track before an
    approaching car, if propelled at its usual and ordinary rate of
    speed, will reach that point, he should not be held, as a matter of
    law, guilty of negligence in attempting to cross.

2. ————: ————: ————: QUESTION FOR JURY. If there is evidence
    tending to prove that a heavy, unwieldy vehicle was almost upon
    and being propelled across a street railway track at the inter-
    section of two public streets, and that the motorman in control
    of a street car approaching said intersection at right angles to the
    course of the vehicle either did not act with reasonable diligence
    to decrease the' speed of said car so as prevent a collision, or
    after the car had been brought almost to a stand-still permitted
    it to start suddenly and move at a greatly accelerated rate of
    speed so as to collide with said vehicle, it is not error to submit
    to the jury the issue of the motorman's negligence in failing to
    control the car before as well as after he was apprised of the
    driver's perilous position.

3. ————: ————: ————: ————. If the pleader charges a cause of
    action based upon the defendant's negligence in operating a street
    car, and also alleges that the motorman in charge, after knowing
    that the plaintiff was in a dangerous position with respect to said
    car, negligently failed to exercise ordinary care to control it, and
    evidence is received tending to support those allegations, the case
    may be submitted to the jury upon both theories.   ·

4. **Negligence:** DEFENSE OF CONTRIBUTORY NEGLIGENCE: BURDEN OF
    PROOF. If the defendant pleads that the plaintiff was guilty of
    contributory negligence, or that the accident resulted solely from
    his negligence, the burden is upon the defendant to prove those
    defenses, and does not shift during the trial of the case, but he
    should receive the benefit of the plaintiff's evidence tending to
    prove those issues.

5. ————: ————: COMPARATIVE NEGLIGENCE: INSTRUCTIONS. The
    defendant, however, is not prejudiced by an instruction that the
    burden is not upon him to prove contributory negligence if the
    plaintiff's testimony proves that fact, and instructions to that
    effect do not involve the doctrine of comparative negligence.

6. ———: CONTRIBUTORY NEGLIGENCE. The plaintiff's negligence will not defeat a recovery unless it was the sole cause of the plaintiff's injury, or concurred or co-operated with the defendant's negligence as a proximate cause of the accident.

7. Trial: WITHDRAWAL OF EVIDENCE. It is not error to withdraw from the jury's consideration facts which by no reasonable construction tend to establish a defense to the action or to mitigate the plaintiff's damages.

8. ———: INSTRUCTIONS. "Where instructions requested are substanially given in the charge prepared by the court on its own motion, it is not error to refuse to repeat them, though expressed in language different from that used by the court." *Curry v. State*, 5 Neb. 412.

9. The evidence examined and commented upon in the opinion, and *held* sufficient to sustain the verdict.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Hainer & Smith* and *Clark & Allen,* for appellant.

*Halleck F. Rose* and *Wilmer B. Comstock, contra.*

ROOT, J.

The gist of this action is the defendant's alleged negligence in operating a street car so that the plaintiff was injured and his vehicle damaged while crossing the defendant's railway at the intersection of Seventeenth and N streets in the city of Lincoln. The plaintiff prevailed, and the defendant appeals.

The testimony is conflicting and parts of it are extravagant; but, since the jury found for the plaintiff, it is our duty to consider the transaction in the light most favorable to him.

It appears that N and Seventeenth streets are each paved and 100 feet in width; that a sidewalk and parkway cover 20 feet of the space on each side of the streets, and the defendant maintains a double-track railway on N street, which runs east and west; that the surface of N

street slopes slightly toward the east, and the gutters are seven-tenths of a foot lower than the crest of the street. It further appears that there are dwelling houses along the south side of N street westward from Seventeenth street, so situated that the porches are flush with the lot line, and there are seven shade trees between the curb and sidewalk on the south side of N street west of Seventeenth. The accident occurred about 8 o'clock in the forenoon of a still, clear day in September, while the plaintiff was driving northward on the east side of Seventeenth street riding upon an air compressor eight feet in height which weighed about 5,200 pounds and was painted a brilliant red. The plaintiff's vehicle had almost cleared the southernmost railway track when one of the defendant's cars moving eastward collided with a rear wheel of the air compressor, and as a result the vehicle was damaged and the plaintiff injured. The testimony discloses that the plaintiff, about the time his team crossed the footpath on the south side of N street, noticed the car in question, and calculated he could drive over the track before the car would cross Seventeenth street; that subsequently, as he urged his horses forward, he raised one hand as a warning. The motorman and conductor upon the car both testify to having noticed the signal, but the testimony is in hopeless conflict concerning the space then intervening between the car and the air compressor. The plaintiff says the distance was about 125 feet, the defendant's employees say about 45 feet. The jury would be justified in finding, from all of the evidence, that the motorman did not see the plaintiff until the latter raised his hand. One witness testifies that the car was well under control as it entered the intersection of said streets, but immediately thereafter the speed rapidly increased until the collision occurred, and that directly after the accident the motorman exclaimed that he "thought the old fool was going to get off of the track when he started up this second time." If the motorman did not notice so conspicuous an object as the plaintiff's vehicle until the

car was almost upon the footpath on the west side of Seventeenth street, the jury might say he was not on the lookout for teams or pedestrians. If the car was 125 feet distant from the plaintiff when the motorman noticed the former's uplifted hand, and thereupon applied all of his power to the brakes upon the car, it must have been running at a terrific rate of speed or else the appliances were defective or ill-suited for controlling its movements. If, as the witness Skinner testifies, the car was well under control at the time it approached said intersection, but its speed was thereafter suddenly accelerated, there was gross disregard for the plaintiff's safety. The court therefore was justified in submitting the cause in a double aspect; that is to say, to permit the jury to find whether the defendant was negligent in failing to exercise reasonable care to control the speed of its car at the time of and shortly preceding the accident, or to find whether the motorman, after discovering the plaintiff's perilous situation, brought about possibly by his own negligence, failed to use ordinary care to avert the accident. *Omaha Street R. Co. v. Mathiesen,* 73 Neb. 820; *Zelenka v. Union Stock Yards Co.,* 82 Neb. 511; *Wally v. Union P. R. Co.,* 83 Neb. 658; *Wenninger v. Lincoln Traction Co.,* 84 Neb. 385; *Smith v. Connecticut Railway & Lighting Co.,* 80 Conn. 268, 17 L. R. A. n. s. 707.

The defendant criticizes the instructions in so far as they recognize the "last clear chance" doctrine, and insists that no such a cause of action is stated in the petition. It appears, however, that the pleader, after charging many alleged acts of negligence on the part of the defendant and its employees, alleged that the motorman negligently failed to stop the car after he knew the plaintiff was in a perilous situation. The defendant did not move to compel the plaintiff to make the petition more definite or to separately number and state the causes of action, and the court was justified in submitting the case upon the theory that it involved the law of the "last clear chance."

The jury were instructed that the burden of proof was upon the plaintiff to prove by a preponderance of the evidence the material allegations in the petition, and the third instruction is as follows: "When the plaintiff has so shown these facts, then the burden of proof is upon the defendant to prove by a preponderance of the evidence the allegations in its answer constituting its defense to plaintiff's action; that is to say, that any injuries received by the plaintiff were the proximate result of his own negligence, or that his own negligence contributed thereto as a proximate cause thereof. If, however, the plaintiff's own testimony shows that he was guilty of negligence at the time of the accident, then the burden would not be upon the defendant to show such fact."

The defendant insists these instructions submitted the law of comparative negligence to the jury. We do not so understand the charge. We do not approve the third instruction because the burden of proving contributory negligence does not shift during a trial, but remains with the defendant if he pleads that defense. *Rapp v. Sarpy County,* 71 Neb. 382. The court evidently desired to instruct the jury that contributory negligence might be established by the plaintiff's evidence and they should give the defendant the benefit of all evidence upon that issue irrespective of the source from which it came. The plaintiff's testimony upon direct as well as upon cross-examination is such that the jury might have found that he was guilty of contributory negligence, and the defendant was entitled to an instruction giving him the benefit of that testimony. We are of opinion that the instructions did present that principle to the jury, and in so far as the court relieved the defendant of the burden of proof it has no just ground for complaint. The defendant's counsel, however, argue that the jury should not have been told that contributory negligence to constitute a defense must have been a proximate cause of the accident. A fair construction of this instruction is that the plaintiff's negligence would not bar a recovery un-

less it concurred or co-operated with the negligence of the defendant as the proximate cause of the accident, or was in itself the proximate cause thereof. Thus considered, the instruction is in harmony with the law as announced in *Vertrees v. Gage County*, 81 Neb. 213. See, also, authorities collated in 29 Cyc. 505.

Exception is taken to an instruction to the effect that the plaintiff had a right to "drive his team and air compressor across the tracks of the defendant and through the street intersection in question in the condition as to equipment of the vehicle and team disclosed by the evidence." The court further instructed the jury that any failure on the plaintiff's part to exercise ordinary care in the control of said vehicle would constitute contributory negligence. It appears that the air compressor was not equipped with brakes, and that no breeching was attached to the harness upon the horses, and complaint is made that the instruction withdrew from the jury the alleged negligence of the plaintiff in failing to provide those accessories to his vehicle and harness, but the proof is certain that the want of brakes or of breeching in no manner contributed to the accident. The surface of the street was up-grade from the gutter to the track, and the plaintiff's failure to halt before crossing cannot be attributed to the condition of the harness or to the want of brakes upon the air compressor.

The defendant's counsel print in their brief nine instructions requested by them and not given by the court. The court's charge contained the greater part of the principles of law embodied in those instructions, and, so far as we are advised, no error was committed in not giving them verbatim. *Curry v. State*, 5 Neb. 412.

Upon a consideration of the entire record, we find no error prejudicial to the defendant. The judgment of the district court, therefore, is

AFFIRMED.