BETTY J. CLAUSEN, APPELLEE, V. LOTTIE P. JOHNSON ET AL., APPELLANTS.

FILED JANUARY 12, 1933. No. 28285.

*Hall, Cline & Williams* and *Courtright, Sidner, Lee & Gunderson,* for appellants.

*Abbott, Dunlap & Corbett, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an action for damages inflicted by defendants upon plaintiff, the result of an automobile collision.

Verdict and judgment for plaintiff, and defendants appeal.

The evidence discloses that this automobile collision occurred about 4:30 p. m. on November 11, 1930, in the intersection of the paved Lincoln Highway and the graveled Somers Avenue north of the city limits, and near the northwest corner of the city of Fremont. Thelma Clausen, aged 21 years, with her sister Betty, aged 3½ years, as a passenger, was driving a model T-Ford owned by her father, Herman Clausen, north on Somers Avenue. This avenue was provided with stop signs north and south of its intersection with the Lincoln Highway, as authorized by section 39-1116, Comp. St. 1929. Lottie P. Johnson, wife of Jason F. Johnson, with her five children and her sister-in-law, was then driving west on the Lincoln Highway in her husband's Essex coach. Both drivers were familiar with the intersection. While the evidence is conflicting as to whether the model T-Ford obeyed the stop signs, and also as to the speed of the Johnson car in approaching the intersection, and as to other facts, a collision between the two cars actually occurred at this point, as a result of which the plaintiff Betty J. Clausen received the injuries of which she complains. The petition does not separately set out, number, and identify the material acts of negligence very clearly. It seems at least to charge, in the order named, (1) driving at a speed in disregard of the driver's visibility; (2) driving at a speed in disregard of the condition of the road; (3) driving at a speed exceeding 45 miles an hour; (4) driving without control of the car; (5) driving without maintaining a proper lookout so as to (a) stop, (b) decrease speed, or (c) turn aside so as to avoid striking the car in which plaintiff was riding. The defendants in their answer, by proper allegations, challenged the truth of the charges thus made. Plaintiff filed a reply.

The first instruction of the court, stating the allegations of the petition, abstracted it in the narrative form, and in substance submitted the following charges of negligence to the jury (our numbering inserted): "(1) That Mrs. Johnson negligently drove said Essex coach in dis-

regard of the then conditions of her visibility of the road, drove her car at a rate of speed greater than was reasonable and proper, having regard for the then conditions, and at such a rate of speed as to endanger the life and limb of the plaintiff; * * * (2) that Mrs. Johnson negligently drove her car without having control thereof; (3) that Mrs. Johnson could have, by using reasonable care, seen the Ford long before reaching said intersection and could have decreased her speed and could have turned or stopped and avoided the collision; (4) that the sun was low in the west, impairing the visibility to Mrs. Johnson, and that she negligently drove the car at a rate of speed within which she could not stop within the range of her vision. Plaintiff says that because of Mrs. Johnson's negligent acts aforesaid the accident occurred."

Instruction No. 2 properly sets forth the contentions of defendants as the same appear in their answer.

Instruction No. 3 is as follows: "The burden of proof is upon the plaintiff to prove all the material allegations in her petition contained, except as such allegations are admitted in the pleadings or upon the trial. The occurrence of the accident is admitted. Therefore in order to prevail in this case, plaintiff must prove, by a preponderance of the evidence, the following material matters: (1) That the proximate cause of the accident and the injuries resulting therefrom, if any, was the negligence of the defendant in one or more of the particulars alleged in plaintiff's petition; (2) or that the accident would not have occurred but for the negligence of the defendant in one or more of the particulars charged in plaintiff's petition; (3) the amount of plaintiff's damages, if any."

By instruction No. 4 the jury were properly instructed as to the rule of "a preponderance of the evidence." In No. 5, "proximate cause" was defined. In No. 6 the jury were instructed that the gist of this action is negligence, and that term was defined, as heretofore approved by this court.

Instruction No. 7 contained the following, in addition to other statements: "Therefore the negligent acts of the

said Lottie P. Johnson, if any, are the negligent acts of the defendant Jason F. Johnson, and he is responsible for those acts, if any."

Instruction No. 9, given by the court, embraced the following: "If, under the rule as to the burden of proof given you in these instructions, you are satisfied from the evidence that the collision occurred naturally and proximately because the defendant, Mrs. Johnson, was negligent in the operation of the Essex car in and about the scene of the accident, in one or more of the particulars charged in plaintiff's petition, or because of that in conjunction with the negligent act or acts of Thelma Clausen, as a proximate cause, the accident occurred and plaintiff was injured and suffered damages in consequence thereof, then and in that case you should return a verdict in plaintiff's favor."

By instruction No. 10 the jury were instructed that if they found that Mrs. Johnson was not negligent, and that the accident occurred simply and solely because Thelma Clausen was negligent, or because it was unavoidable, then their verdict should be returned for defendants.

As applied to the situation presented by the record in the instant case, the applicable rule is: "Instructions given to a jury must be construed together, and if, when considered as a whole, they properly state the law, it is sufficient." *Sioux City & P. R. Co. v. Finlayson,* 16 Neb. 578. See, also, *Christensen v. Tate,* 87 Neb. 848.

Considered as an entirety, the instructions before us in effect define "burden of proof," "negligence," and "proximate" in a manner repeatedly approved by this court, and further expressly advise the jury "that negligence is the gist of the action," and permit recovery by plaintiff only in the event that if, under the rule as to the burden of proof as given in these instructions, the jury are satisfied from the evidence that the collision occurred, naturally and proximately because Mrs. Johnson was negligent in one or more of the particulars charged in plaintiff's petition, etc. The language employed in all the instructions given must be construed in

the light of terms as expressly defined by this court, and the conclusion that "negligence" on the part of the defendants is assumed by the instructions so considered is wholly unjustified. Indeed, upon a record more vulnerable to the objection now under consideration than the one before us, we held: "When the jury in one instruction is told that, in order to find for the plaintiff, they must find that the damages complained of were caused by defendant's negligence, a subsequent instruction that, if they find for the plaintiff, the plaintiff would be entitled to recover the damage he has sustained by reason of the negligence of defendant, is not erroneous as assuming that the defendant was negligent." *Christensen v. Tate,* 87 Neb. 848.

Appellants in their brief contend that the instruction given by the trial court as to section 39-1116, Comp. St. 1929, was erroneous. However, in view of the fact that the instruction as given on this subject was substantially as then requested by the parties now complaining, we need not further consider it. It is a sound and salutary principle of law that a party cannot be heard to complain of an act done by the trial court which such party was instrumental in bringing about. *Missouri P. R. Co. v. Fox,* 60 Neb. 531; *Sorensen v. Sorensen,* 68 Neb. 483; *Miller v. McGannon,* 79 Neb. 609; *Knutson v. Rosenberger,* 81 Neb. 761.

We have considered the ruling of the trial court excluding from the evidence certain statements claimed to have been made to an attorney by Thelma Clausen. Without further extending this opinion it may be said that no error was committed thereby. Comp. St. 1929; sec. 20-1201; *Jahnke v. State,* 68 Neb. 154; *In re Estate of Bayer,* 116 Neb. 670; *In re Estate of Strelow,* 117 Neb. 168; *Spaulding v. State,* 61 Neb. 289; *Basye v. State,* 45 Neb. 261.

We have carefully examined the record in view of the challenge of defendants as to the insufficiency of the evidence to support the judgment. Conceding that the evidence is conflicting, yet the jury were the constitu-

-tional triers of the facts. There is evidence in the record that is ample, if believed, to support their conclusions. We cannot say, therefore, that the finding of the jury is unsupported by the evidence.

The judgment of the district court is,

AFFIRMED.