WILLIAM S. FRAZIER, ADMINISTRATOR, APPELLANT, V. ALFRED C. ANDERSON, DOING BUSINESS AS ANDERSON EQUIPMENT COMPANY, UNINCORPORATED, APPELLEE.

11 N. W. (2d) 764

FILED NOVEMBER 19, 1943. No. 31615.

*Hotz & Hotz* and *Gordon Diesing*, for appellant.

*Gross & Crawford, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Plaintiff's amended petition sought to recover damages for the death of his son, Emil O. Frazier, by electrocution alleged to have been caused by an improperly insulated and defective second-hand Skilsaw negligently sold by defendant's agent to plaintiff. Defendant answered denying generally, and alleging that death was caused by decedent's own negligence which was more than slight. The issues were submitted to a jury which resulted in a verdict for defendant. Motion for new trial was overruled, and plain-

tiff appeals, contending that the trial court erred in permitting defendant's electrical expert witness to testify that in his opinion the ground wire on the Skilsaw had been used as such; erred in refusing to give plaintiff's requested instructions No. 12 and No. 13; and erred in submitting to the jury the question of contributory negligence. No complaint is made by plaintiff concerning the form and content of any of the instructions given by the trial court.

Plaintiff cites no authority supporting his first contention. The record and the law affirm that the trial court did not err in permitting defendant's electrical expert witness to testify that in his opinion the ground wire on the Skilsaw had been used as such. The evidence is that on new Skilsaws the ground wire is completely insulated to the end of the wire. With this type of plug, in order to use it as a ground, the insulation must be removed from a part of the end of the wire. It may be used as a ground by putting a clamp on the end for attaching, or by wrapping, or otherwise securing the wire to a suitable ground, such as a gas, water, or steam pipe, or an iron stake driven in the ground. There is a dispute in the evidence whether the insulation was intact when the machine was purchased by plaintiff or removed for such purpose thereafter. In its present condition, however, the insulation has been removed therefrom for a distance of approximately five inches and the exposed wire is marked, bent, and twisted. The Skilsaw with ground wire attached was in court as an exhibit in evidence before such witness and the jury. In this connection, this witness did not testify hypothetically as an expert, but drew inferences from present, demonstrable facts. An applicable rule is: "Where an inference is so usual, natural, or instinctive as to accord with general experience, its statement is received as substantially one of a fact—part of the common stock of knowledge." 32 C. J. S. 102, sec. 460. See, also, 22· C. J. 530.

Further, plaintiff's evidence is that the ground wire was never used as such because of lack of knowledge of the danger involved. Admission of the evidence was not prejudi-

cial to plaintiff in any event since we have only recently reiterated the rule that, "Want of ordinary care, and not knowledge of danger, is the test of contributory negligence." *Grantham v. Watson Bros. Transportation Co.,* 142 Neb. 367, 9 N. W. (2d) 157.

The trial court properly refused plaintiff's requested instructions No. 12 and No. 13. These instructions, and all the authorities cited to support them, treat solely with the liability of the principal to third persons in contractual relationships. In the case at bar there is involved the liability of the principal to third persons, not his employees, in the relative field of tort liability. Under these circumstances the rule is that the law imputes to the principal or master responsibility for the negligent acts of his agent or servant done in obedience to the express orders or directions of the master or within the scope of the employee's authority or employment in his master's business, and if those acts cause injury to third persons the law holds the principal or master liable in damages therefor. See *Van Auker v. Steckley's Hybrid Seed Corn Co., ante,* p. 24, 8 N. W. (2d) 451; 1 Restatement, Agency, sec. 228; 35 Am. Jur. 959, sec. 532, and 961, sec. 533. It is not error to refuse a requested instruction if the legal principles therein announced are either incorrectly stated or inapplicable to the issues involved.

Concededly the important question involved in the case at bar is whether contributory negligence was a question of law for the court or an issue of fact for the jury's determination. Defendant pleaded contributory negligence, and plaintiff, by appropriate instruction, requested that the trial court withdraw the issue from the jury.

There are well-established applicable rules of law. We have heretofore stated: "Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of

as a proximate cause." *Eaton v. Merritt*, 135 Neb. 363, 281 N. W. 620. See, also, *Klement v. Lindell*, 139 Neb. 540, 298 N. W. 137; *Groat v. Clausen*, 139 Neb. 689, 298 N. W. 563. "If contributory negligence is relied upon by defendant as an affirmative defense, the burden is upon him to prove it by a preponderance of the evidence pertinent to that issue contained in the whole record, except in so far as the same may appear in evidence adduced for the plaintiff." *Roberts v. Carlson*, 142 Neb. 851, 8 N. W. (2d) 175. "Where, upon an issue of fact raised by a plea of contributory negligence, the testimony is conflicting, or where the evidence as a whole is of such a character as that reasonable minds may fairly draw different conclusions therefrom, it is for the jury and not the court to determine the question of contributory negligence." *Chicago, B. & Q. R. Co. v. Winfrey,* 67 Neb. 13, 93 N. W. 526. See, also, *Casey v. Ford Motor Co.*, 108 Neb. 352, 187 N. W. 922; *Day v. Metropolitan Utilites District*, 115 Neb. 711, 214 N. W. 647; *Zimmer v. Brandon*, 134 Neb. 311, 278 N. W. 502.

Having these rules of law in mind, we have examined all the evidence for a determination of the question presented, and conclude that if defendant could under the record be found guilty of negligence which was the proximate cause of the death, a question which under the circumstances we are not required to discuss in this opinion, there is ample evidence requiring the trial court to submit the question of plaintiff's contributory negligence to the jury.

In this connection, the evidence discloses that plaintiff, decedent's father, a building contractor in Omaha, Nebraska, for 22 years, purchased the Skilsaw, an electrical tool used by carpenters to ease and speed the sawing of heavier timbers. Decedent was a mature man, 29 years of age, and an experienced journeyman carpenter who had worked 10 years for his father. The Skilsaw had been used by decedent and others in building houses for a period of approximately four months before the death. The tool has a drop cord 8 or 10 feet long, to the end of which is attached a two-prong socket plug like that found on any ordinary elec-

trical appliance with the exception that there is on the side of the plug and protruding almost perpendicular therefrom a ground wire six and one-half inches long so placed by the manufacturer because it is a tool often used by carpenters for outdoor work and sometimes in damp, wet weather, which requires its attachment to a ground for safety. There is a dispute in the evidence whether a ground warning tag was attached to the drop cord at the time of its purchase. However, upon examination of the plug the ground wire is immediately observed and its protruding interference is so unmistakably evident as to arouse the curiosity concerning its utility. While all new Skilsaws are equipped with such a two-prong plug with a ground wire, as standard equipment, and it is as safe as any other if properly grounded, the city of Omaha will not give approval to its use because the user will not ordinarily take the necessary time or precaution to properly ground it for his protection. The city since 1940 has required carpenters, when they intend to use such a machine, to call up the city electrician's office, whereupon an electrical inspector, at a cost of only $1, is sent out to hook it up properly by setting up a grounded, wooden pole on the lot with facilities for a three-prong plug which when connected automatically grounds the machine through the same plug that supplies the current. Such a pole, was found on the premises but it was not set up for inspection or use, and no request was ever made that it be serviced or inspected.

At 12:30 p. m. on the day of the accident a hundred foot drop cord, belonging to plaintiff, was inserted through a basement window of a house adjoining on the north and plugged into an ordinary hanging socket in the basement. The Skilsaw was then plugged into the end of the drop cord. This connection so remained until after the accident. The ground wire was not grounded in any manner or at any time during its use that day. The day was damp. It rained a short time before the tragedy, and the ground was wet. The accident happened thereafter when decedent picked up or used the saw out of doors. The tool, even if defective

and shorted, could have been used inside where it was dry without a ground, with slight shock, if any, unless the user personally came in contact with a ground, but if it were used outside without a ground, and the earth was wet, as happened here, the user would himself be the ground and receive the shock which might, and in the instant case did, cost him his' life. It is only reasonable to assume that if the machine had been properly grounded the accident would not have occurred. Under these circumstances contributory negligence was an issue which the trial court was required to, and did, properly submit to the jury for their decision.

It follows that the trial court did not err as urged by plaintiff, and the judgment, therefore, is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.