JOHN F. MUNDY, APPELLEE, v. TITUS E. DAVIS, APPELLANT.

48 N. W. 2d 394

Filed June 14, 1951. No. 32915.

*Rosewater, Mecham, Stoehr, Moore & Mecham,* for appellant.

*Wear, Boland & Nye, Robert E. McCormack,* and *John J. Powers,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

John Mundy brought this action in the district court for Douglas County against Titus E. Davis. The purpose of the action is to recover for damages resulting from injuries allegedly caused by the negligent conduct of defendant. Plaintiff recovered a verdict. The court entered judgment thereon. Defendant thereupon filed a motion for new trial and for judgment notwithstanding the verdict. These motions were both overruled. Defendant appeals from the overruling thereof.

Appellant contends that the trial court should have either sustained his motion for a directed verdict or for

a judgment notwithstanding the verdict. He bases this contention on the ground that appellee, as a matter of law, was guilty of conduct contributing to the accident that was more than slight negligence and that, under our comparative negligence doctrine, this would defeat any right to recover that he might otherwise have. We do not think the factual situation here presented, which is hereinafter set forth, sustains this contention. See, Brenning v. Remington, 136 Neb. 883, 287 N. W. 776; Grantham v. Watson Bros. Transportation Co., on rehearing, 142 Neb. 367, 9 N. W. 2d 157.

Appellant further contends that if we should decide that the question of whether or not appellee's conduct was such that it would prevent his recovery under the comparative negligence doctrine was a question of fact for the jury rather than one of law for the court that in such event the trial court erred in not granting him a new trial for the reason that such issue was not properly submitted.

" 'Negligence is a failure to do what reasonable and prudent persons would ordinarily have done under the circumstances and situation, or doing what reasonable and prudent persons under existing circumstances would not have done.' Omaha Street R. Co. v. Craig, 39 Neb. 601, 58 N. W. 209." Eaton v. Merritt, 135 Neb. 363, 281 N. W. 620. See Bixby v. Ayers, 139 Neb. 652, 298 N. W. 533.

"Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause." 45 C. J., Negligence, § 501, p. 942. This definition has been cited with approval by this court in Kovar v. Beckius, 133 Neb. 487, 275 N. W. 670; Eaton v. Merritt, *supra;* and Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764.

The trial court submitted this issue by the following instruction: "Negligence is not presumed but must be proved. The defendant having alleged in his answer that the proximate cause of the accident was negligence on the part of the plaintiff, the burden is upon the defendant to establish by a preponderance of the evidence any such negligence of the plaintiff and that the same was the proximate cause of, or proximately a contributing cause to, the accident."

We have recently stated:

"When contributory negligence is relied upon by defendant as an affirmative defense, the burden is upon him to prove it by a preponderance of the evidence pertinent to that issue contained in the whole record, except insofar as the same may appear in evidence adduced for the plaintiff, and the trial court should so instruct the jury." Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549. See Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612.

" 'If the defendant pleads that the plaintiff was guilty of contributory negligence, or that the accident resulted solely from his negligence, the burden is upon the defendant to prove those defenses, and does not shift during the trial of the case, but he should receive the benefit of the plaintiff's evidence tending to prove those issues.' McGahey v. Citizens Ry. Co., 88 Neb. 218, 129 N. W. 293." Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832.

A review of our holdings on this question indicates the following to be the applicable rule: If the defendant pleads that the plaintiff was guilty of contributory negligence the burden is upon him to prove that defense and this burden does not shift during the trial of the case. However, if the evidence adduced by the plaintiff tends to prove that issue the defendant is entitled to receive the benefit thereof and the court must instruct the jury to that effect. See, Durrell v. Johnson, 31 Neb. 796, 48 N. W. 890; Rapp v. Sarpy County, on rehearing,

71 Neb. 385, 102 N. W. 242; City of Beatrice v. Forbes, 74 Neb. 125, 103 N. W. 1069; Cook v. Chicago, R. I & P. Ry. Co., 78 Neb. 64, 110 N. W. 718; Vertrees v. Gage County, 81 Neb. 213, 115 N. W. 863; McCulley v. Anderson, 119 Neb. 105, 227 N. W. 321; Schrage v. Miller, 123 Neb. 266, 242 N. W. 649; Cotten v. Stolley, 124 Neb. 855, 248 N. W. 384; Pinches v. Village of Dickens, 127 Neb. 239, 254 N. W. 877; Carlson v. Roberts, 133 Neb. 166, 274 N. W. 473; Nichols v. Havlat, 140 Neb. 723, 1 N. W. 2d 829, on rehearing, 142 Neb. 534, 7 N. W. 2d 84; Roberts v. Carlson, 142 Neb. 851, 8 N. W. 2d 175; Frazier v. Anderson, 143 Neb. 905, 11 N. W. 2d 764; Meyer v. Platte Valley Construction Co., 147 Neb. 860, 25 N. W. 2d 412; Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832; Elliott v. Swift & Co., 151 Neb. 787, 39 N. W. 2d 617; Anthony v. City of Lincoln, 152 Neb. 320, 41 N. W. 2d 147.

The quoted instruction given by the trial court did not instruct the jury to that effect. This requires a consideration of the evidence which appellee adduced for if it contains nothing from which it can be said that he appears to have been guilty of contributory negligence then it was not error to fail to do so.

Appellee adduced evidence to the following effect: That the accident happened on Sunday, February 29, 1948, at about 10 p. m.; that it happened on U. S. Highway No. 6 at a point between 2½ and 3 miles from Gretna going toward Omaha; that it happened where the road runs north and south and slopes gently down grade to the north; that at the point of the accident the surface of the highway was concrete, 20 feet wide, with 6 foot shoulders; that at the time of the accident a very heavy snow was falling but no wind was blowing; that immediately preceding the snow a mist had fallen and frozen on the concrete surface of the highway causing it to become icy and very slippery; that about 1 to 2 inches of snow had fallen and covered the icy concrete to that depth; that as he approached the place of the accident

he observed three or possibly four cars stopped on the right side of the highway on the paved surface thereof; that he did not know why they were stopped there; that the lights of these cars, both front and rear, were burning; that he brought the car he was driving to a stop at a point about 10 feet from the rear of the last of these parked cars; that the car he was driving, which was a 1947 Chevrolet sedan, belonged to his brother; that there was room to the left, or west side, of the parked cars sufficient to have permitted him to pass and proceed to the north; that he stopped his car on the concrete or paved surface of the highway on the right side thereof although there was room to park on the shoulder; that he kept the lights of his car, both front and rear, burning; that he and his wife, who was riding with him, remained seated in the car; that shortly after they had stopped the rear of the car was bumped; that he then got out of the car, getting out on the left side, and started toward the rear thereof; that as he reached a point opposite the left rear fender of his car he observed the appellant's car approaching from the south some 500 feet away; that it was traveling on the east or right-hand side of the road; that he estimated it was approaching at the rate of 50 miles an hour; that he continued to the rear of his car to inspect the damage done thereto, if any; that the right rear fender had been bumped; that it had been hit by a car driven by Dr. Coppoc; that the Coppoc car had stopped alongside the right rear of his car, the Coppoc car being on the shoulder but up against his car for a distance of about 1 or 2 feet along the right rear fender; that after inspecting the right rear bumper he turned to look south; that when he turned he was at a point to the left or west of the rear center of his car; that he then observed the appellant's car, which was continuing to approach; that it was then about 200 feet away; that it was traveling about 20 miles an hour; that it was traveling on the east or right-hand side of the road; that he stood in that

position, looking to the south, until the two cars came together; that he was pinned between the bumpers, being the rear bumper of his and the front bumper of appellant's car; that the collision threw him against the rear of his car; and that, as a result, he suffered the injuries for which he now claims damages.

We think, from the evidence adduced by appellee, a jury could properly find that he was guilty of conduct constituting contributory negligence sufficient, under our comparative negligence doctrine, to either defeat or reduce any recovery which the jury might find he was entitled to. As stated in McGahey v. Citizens Ry. Co., 88 Neb. 218, 129 N. W. 293: "The plaintiff's testimony upon direct as well as upon cross-examination is such that the jury might have found that he was guilty of contributory negligence, and the defendant was entitled to an instruction giving him the benefit of that testimony." Leaving out of the instruction the requirement referred to did not properly submit to the jury for its consideration of this issue the evidence adduced by appellee. This prejudiced his rights.

It is true, as we have often said, that: "Instructions given to a jury must be construed together, and if, when considered as a whole, they properly state the law, it is sufficient." Clausen v. Johnson, 124 Neb. 280, 246 N. W. 458. See, also, Kovar v. Beckius, *supra*. However, we find nothing in the other instructions given by the court that properly advised the jury in regard thereto.

In view of the fact that the foregoing requires a new trial we shall discuss appellee's contention that he was entitled to a directed verdict. This contention is based on the following principle: "As a general rule it is negligence as a matter of law for a motorist to drive an automobile so fast on a highway at night that he cannot stop in time to avoid a collision with an object within the area lighted by his lamps." Roth v. Blomquist, 117 Neb. 444, 220 N. W. 572, 58 A. L. R. 1473.

"The basis of this rule is that a driver of an automobile

is legally obligated to keep such a lookout that he can see what is plainly visible before him and that he cannot relieve himself of that duty. And, in conjunction therewith, he must so drive his automobile that when he sees the object he can stop his automobile in time to avoid it." Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106.

Appellant testified that he approached the place of the accident from the south; that the highway was slippery and covered with 2 or 3 inches of snow; that he approached over the crest of a hill; that he came over the crest of the hill at about 18 to 20 miles an hour; that because of falling snow visibility was reduced; that the area ahead lighted by his lights ranged from 75 to 125 feet; that he saw appellee's car when it was 100 to 150 feet away; that he saw it as he came over the crest of the hill; that he immediately applied both his hand and foot brakes; that he also tried to turn his car to both right and left but, because of the icy condition of the pavement and the fact that he was traveling in the tracks in the snow left by other cars, he was not able to turn either way; that his car kept sliding forward; that it kept slowing down but could not stop; that he slid into the back of appellee's car at a speed of from 4 to 5 miles an hour; and that appellee was pinned between the two cars when they collided.

"* * * the existence or presence of smoke, snow, fog, mist, blinding headlights or other similar elements which materially impair or wholly destroy visibility are not to be deemed intervening causes but rather as conditions which impose upon the drivers of automobiles the duty to assure the safety of the public by the exercise of a degree of care commensurate with such surrounding circumstances. Anderson v. Byrd, 133 Neb. 483, 275 N. W. 825; Fischer v. Megan, 138 Neb. 420, 293 N. W. 287." Fairman v. Cook, 142 Neb. 893, 8 N. W. 2d 315.

"It is the duty of an automobile driver, in driving his car, to keep such a lookout ahead that he will see an

obstruction or a vehicle as soon as it is illuminated by his lights, and it is his duty to have his car under such control, under the driving conditions then existing, that he can stop it in time to avoid a collision with an object in the area lighted by his lights." Remmenga v. Selk, 150 Neb. 401, 34 N. W. 2d 757.

While there are recognized exceptions to the general rule or instances to which it does not apply, the factual situation here does not take this case out of the general rule. There is nothing here to excuse appellant. He knew the conditions of the road and the fact that his visibility was limited by the falling snow. In view thereof he was duty bound to drive at such a rate of speed that he could stop when an object came within the area lighted by his headlights. This he was not able to do as his testimony shows that he actually saw appellee's car either before or as soon as it came into the area lighted by his lights.

As to the contention that appellee violated the provisions of section 39-757, R. S. 1943, by stopping or parking his car on the paved portion of the highway the trial court instructed in regard to this statute as follows: "The violation of any of these statutes by either of the drivers is not as a matter of law negligence, but, inasmuch as these statutes are passed for the better protection of persons and property from injury and damage, the violation thereof should be considered as evidence of negligence together with all other facts and circumstances in evidence to determine whether the one violating the same was negligent."

We said of the requirements of this statute in Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885: "The requirement in that respect is positive unless circumstances exist which make moving of the vehicle off the paved, improved or main traveled portion of the highway impracticable."

The rule applicable to violations of a statute in regard to rules of the road is as follows:

"A violation of statutes regulating the use and operation of motor vehicles upon the highways is not negligence per se, but evidence of negligence which may be taken into consideration with all the other facts and circumstances in determining whether or not negligence is established thereby." Dickman v. Hackney, 149 Neb. 367, 31 N. W. 2d 232.

"The violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur.

"Such a violation is evidence of negligence, which the jury are entitled to consider upon the question whether actionable negligence existed." Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680.

This instruction properly submitted this issue.

There are other questions raised. Some of them are fully answered by the foregoing, some become immaterial by reason thereof, and some become immaterial in view of the fact that a new trial must be had. Consequently we do not think it either necessary or proper to consider them.

In view of what has herein been said we find the trial court should have instructed the jury that appellant was guilty of negligence which was a proximate cause of the accident but that the appellee's right to recover was subject to the defense of contributory negligence and should have properly submitted that issue. We therefore reverse the judgment of the trial court and remand the cause.

REVERSED AND REMANDED.

CARTER, J., dissenting.

I am not in accord with that part of the opinion which holds that the trial court, in the absence of request, must instruct the jury that defendant is entitled to receive the benefit of any evidence of contributory

negligence which the evidence offered by plaintiff tends to establish. The trial court is required to instruct upon the issues of the case, whether requested or not, but it is my understanding that it is not reversible error to fail to instruct upon the effect of particular evidence adduced in the absence of request.

I submit that the cases cited in support of the announced rule do not sustain the holding. In Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549, the question was not raised, discussed, or considered, and is pure dictum insofar as the interpretation claimed for it by the majority opinion is concerned. In Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612, the words "and the trial court should so instruct the jury" do not appear and the case does not therefore support the rule for which it is cited as a precedent. An examination of these cases shows that they were dealing with the question of the burden of proof and not with the question of whether or not the trial court must instruct on his own motion that the jury should consider any evidence of contributory negligence which appears in the evidence adduced by the plaintiff.

By instruction No. 14 the court told the jury, among other things, that it was to consider "all other evidence, facts and circumstances proved tending to corroborate or contradict such witnesses." In City of Beatrice v. Forbes, 74 Neb. 125, 103 N. W. 1069, this court held a similar instruction to be adequate in the following language: "It can hardly be, however, that the jury were misled, as in its fourth instruction the court told them that, in determining the issues in the case, they should take into consideration the whole of the evidence and all the facts and circumstances proved on the trial, giving the several parts of the evidence such weight as they thought it entitled to." I submit that the logic and conclusion of this case sustain my position in the case before us.

As I view it, the instructions taken as a whole properly

submit the issues, and in the absence of a request the court committed no error in not giving the instruction which the majority opinion holds was required. The majority opinion announces a new rule which is not sustained by logic or authority. I would affirm the judgment.

I am directed by Yeager, J., to state that he joins in this dissent.