BLANCHE FONDA TARKINGTON, ADMINISTRATRIX, APPELLEE, v. NORTHWESTERN PUBLIC SERVICE COMPANY, APPELLANT: EDITH SMITH, ADMINISTRATRIX, APPELLEE.

292 N. W. 720

FILED JUNE 14, 1940. No. 30812.

*Hoagland, Carr & Hoagland* and *William Suhr*, for appellant.

*Shuman & Overcash* and *Beatty, Maupin, Murphy & Davis*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is a companion case to *Fonda v. Northwestern Public Service Co.*, ante, p. 262, 292 N. W. 712. The pleadings, the issues, the evidence, the witnesses and the briefs on appeal are almost the same in the two cases. In the instant case the jury returned a verdict in favor of the plaintiff in the amount of $813. The assignments of error are in identical language in the briefs of Northwestern Public

Service Company, appellant in both cases. The instant case is under the same set of facts as the companion case. Much of the evidence was read from the record of such case. The propositions of law involved are the same. We will, therefore, refrain from repeating the facts and law as set out in *Fonda v. Northwestern Public Service Co., supra,* with the exception of relating such additional facts as may be necessary to a decision in this case.

The defendant's answer pleaded contributory negligence on the part of James Fonda. Some phases of the evidence, alleged to have constituted contributory negligence, we have previously discussed in the opinion in *Fonda v. Northwestern Public Service Co., supra.* The contributory negligence complained of centers primarily around the following facts:

At the time of the installation of the convertible gas burner, the defendant company's superintendent, Smith, and employees of the company, found located on the flue pipe leading from the furnace to the chimney what is known, and referred to in the evidence, as a home-made heat-reclaimer, a boxlike affair which entirely inclosed the flue from the furnace to the chimney and also had an air duct leading up to the hot-air region upstairs. This was not standard equipment, but had been installed by Mr. Fonda for the purpose of saving some heat which radiated from the flue pipe, and to transport this heat to the hot-air duct upstairs in the house. At this time Smith informed Fonda that the heat-reclaimer would serve no useful purpose and would have to be removed in order to install the gas equipment, for the reason that it was necessary to turn the flue pipe over for the purpose of putting the downdraft diverter in place of the regular chimney draft. Fonda insisted that, if the heat-reclaimer was removed, it should be replaced because it conserved heat. On a number of occasions the defendant company's employees went to the Fonda residence and found the pilot light and main burner valves turned down. Fonda was advised that such practice was dangerous and should be stopped. All of such evi-

dence, together with the evidence of the failure of the maid to inform Molley, the defendant company's expert, of the exact difficulty, and likewise her failure to inform the Fondas in this connection, the defendant company assuming the maid to be the agent of the Fondas, constituted the evidence to be submitted to the jury on the question of contributory negligence.

On January 8, 1934, Dr. Everett Fonda, a son, who came from Chicago, requested that the heat-reclaimer be removed. Two holes were found in the flue pipe where it entered the chimney around the cement of sufficient size to permit two fingers to be inserted in such opening where products of combustion could come out, and two holes in the crimp joint large enough to insert a finger. The heat-reclaimer was not replaced. Dr. Fonda is reputed to have told his sister Blanche, in the presence of defendant company's employees, that they had "found the trouble," referring to the condition of the pipes when the heat-reclaimer was removed. This statement is denied by Dr. Fonda and his sister Blanche. When the foregoing test was made, the clean-out plug was in place. Other tests had been made previously and on different days. At no time during the progress of such tests was any trace of carbon-monoxide gas found. It is apparent from the evidence that no gas was escaping at the place in the chimney heretofore referred to.

The defendant's witnesses, Smith and Molley, fail to show by their testimony that any of the things claimed as contributory negligence had anything to do with the accident in question. As to the heat-reclaimer, Gerkin, an employee of the company, who made an inspection, testified: "Q. And there wasn't any danger, was there, on account of that heat-reclaimer to either himself or his family? A. Not that I know of." Gerkin also testified that, the day after the clean-out plug was replaced and several times shortly thereafter, he was at the Fonda home with Bert Spohn, chief engineer for the company, and they made various complete tests and found no trace of gas. Other evidence

of the alleged contributory negligence appears in the opinion in *Fonda v. Northwestern Public Service Co., supra,* and will not be restated here.

Objection is made that the court failed to instruct the jury on the defense of contributory negligence when proper instructions on such defense were offered. The court did instruct the jury in detail on comparative negligence, as evidenced by instructions Nos. 6 and 7 given, and the last paragraph of instruction No. 19 on the measure of damages. We conclude that the evidence claimed by defendant to establish contributory negligence on the part of James Fonda falls short of being sufficient to submit the question to the jury. So, in any event, no prejudice resulted to the appellant even though it did receive the benefit of instructions on comparative negligence.

We have examined the 34 instructions offered and refused and the instructions given, and conclude that the instructions given fairly covered the subject-matter incident to this case. We find no prejudicial error in such instructions.

Instructions given to a jury must be considered as a whole, and if they properly state the law they are sufficient. *Clausen v. Johnson,* 124 Neb. 280, 246 N. W. 458; *Kovar v. Beckius,* 133 Neb. 487, 275 N. W. 670.

Dr. Fetter, who attended Mr. Fonda in his illness, testified that Fonda died from edema of the lungs, due to some irritant, possibly monoxide gas. Dr. Fetter testified he treated Mr. Fonda for heart failure for years.

We conclude that the evidence in the instant case was sufficient to warrant the jury in arriving at a verdict for the plaintiff, and that this case is controlled by the law stated in *Fonda v. Northwestern Public Service Co., supra.*

AFFIRMED.